### JANES v. NOORBOLM et al.
### No. 342.

Municipal Court of Appeals for the District of Columbia.

Reargued April 15, 1946.
Decided May 2, 1946.

Maurice A. Guervitz, of Washington, D. C., for appellant.

Milton Conn, of Washington, D. C., for appellees.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

This appeal grows out of a claim for damages on account of an alleged violation of a rent ceiling under the District of Columbia Emergency Rent Act. Code 1940, § 45—1601 et seq.

The premises in question, a four-room, kitchen and bath apartment, were occupied by defendant as her home on January 1, 1941, the freeze date under the Rent Act. Code 1940, § 45—1602. At that time she was paying $37.50 per month for the apartment, unfurnished, and that sum, by virtue of the Rent Act, became the maximum rent ceiling. Defendant continued to live in the apartment until 1944, when she moved out and subrented it to the six plaintiffs at a monthly rental of $190. This rental, however, included not only the apartment, but also complete furniture for it, with sleeping accommodations for nine people and linen service, janitor service, heat, electricity, and other utilities.[1]

---

[1] Although plaintiffs contended that they jointly rented the entire accommodations as a unit, defendant claimed that she operated the apartment as a rooming house with separate individual sleeping and living accommodations, at a rate of $21.11 per person for nine persons; and that the six plaintiffs took the nine accommodations, each agreeing to pay her proportionate share. The trial court apparently accepted plaintiffs' version.

Plaintiffs occupied the apartment for four months, paying rent for the first two months. Thereafter they refused to pay rent, asserting that the rent charged exceeded the rent ceiling.

This action was brought on the theory that under the Rent Act the rent ceiling for the apartment was the rent payable on January 1, 1941, or $37.50 per month, and that without an adjustment by the Rent Administrator such ceiling continued, and that the defendant violated the ceiling by charging and receiving rent in excess of that amount. The plaintiffs accordingly claimed to have paid $305 overcharge for the first two months, and sought judgment for double that amount, or $610, less $75 for the two months for which they paid no rent, a net claim of $535. Defendant denied any overcharge and filed a counterclaim for rent for the two latter months at $190 per month, plus additional charges for long distance calls, etc., of $45.75, a net counterclaim of $425.75.

The trial judge allowed the full amount of plaintiffs' claim, and denied the counterclaim, except for the charge of $45.75 admitted by plaintiffs to be owing. Plaintiffs were also allowed an attorney's fee of $50. Defendant has appealed.

■ In arriving at its decision the trial court undoubtedly was guided by the decision of this court in Gould v. Delsnider, D. C.Mun.App., 42 A.2d 140, where it was held that property rented on January 1, 1941, acquired by virtue of the Rent Act a rent ceiling which continued until adjusted by the Rent Administrator, even though improvements were made after that date. However, since the trial below, our decision has been reversed by the United States Court of Appeals. Delsnider v. Gould, App.D.C., 154 F.2d 844, decided March 25, 1946. The United States Court of Appeals ruled that the unit for which the law fixes a rent ceiling is not the real estate, but a combination of real and personal property together with the facilities and services connected with its use and occupancy, for which rent is payable. And the court pointed out that in cases of this kind the question is whether the housing accommodations are new ones not rented on the critical date or merely old ones with substantial capital improvements or alterations.

■ Applying the test laid down by the United States Court of Appeals, we think the accommodations rented to plaintiffs were new ones. In 1941 the apartment was rented unfurnished. When rented to plaintiffs in 1944 it was completely furnished and various services were supplied with it. The combination of the apartment, the furniture and the services constituted different and new accommodations.

It was said by the United States Court of Appeals that the question of whether the accommodations are new ones, or old ones with substantial capital improvements or alterations, will in many situations be one of fact for determination in the trial court; but in the present case, in our opinion, the evidence is conclusive that the accommodations are new ones and were not rented on the freeze date. Therefore the ceiling on the old accommodations did not apply; and, since the Administrator has not determined a rent ceiling for the new accommodations, the agreement of the parties controls. Wilkerson v. Montgomery, D.C.MunApp., 47 A.2d 102.

The judgment must be reversed and the case remanded for further proceedings in accordance with this opinion.

Reversed.