## CUMMINGS v. PETERS.

### No. 801.

Municipal Court of Appeals for the
District of Columbia.

Submitted May 9, 1949.

Decided June 3, 1949.

Ben Lindas and Joseph H. Schneider, Washington, D. C., for appellant.

Ellen Lee Park, Washington, D. C., for appellee.

Ernest F. Williams and Ruffin A. Brantley, Washington, D. C., for Robert F. Cogswell, Administrator of Rent Control.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

In this case the landlord had sued for possession of dwelling property on the ground of non-payment of rent. Defendant answered, denying that any rent was due and asserting a claim under the Rent Act [1] for double the amount of rent overcharges allegedly exacted of him by the landlord. Trial was without a jury and resulted in judgment for defendant on his counterclaim, together with an attorney's fee. The landlord brings this appeal.

The trial judge filed a memorandum in which he found that the maximum rent ceiling for the premises on the statutory freeze date (January 1, 1941) was $21.50 per month; that the landlord fixed an arbitrary rental of $40 per month, which defendant paid from August 15, 1946 to May 1, 1948; that it was rented to defendant in an unfurnished state and was furnished by defendant himself; that there was no application to the Rent Administrator for an increase in the rent ceiling and that the landlord had made no repairs to the premises during the period of defendant's occupancy.

The trial judge ruled as a matter of law that there had been no substantial change or alteration in the housing accommodations furnished by plaintiff to defendant so as to constitute "new accommodations" under the law; that the accommodations were neither new, nor old accommodations with substantial capital improvements or alterations; and that as a result there had been an overcharge for the period involved.

The landlord questions the propriety of such findings, but we think there is no question they were in every respect correct. Not only were the findings of fact supported by the evidence but there was no evidence at all to show what repairs, if any, the landlord had made nor of any circumstance which made the premises new housing accommodations so as to permit the landlord to contract with reference thereto on a $40 per month basis.

Appellant attempts to build an argument to the effect that he was entitled to fix the $40 rental because he was furnishing defendant "utilities" at no extra charge. These consisted of two items: (1) water rent in excess of the minimum, and (2) electricity. But he did not prove that there was any excess water charge, or if there was, that he paid it. Nor did he offer any proof whatever as to the charges for electricity. It seems clear to us, as it did to the trial judge, that this was a plain case of rent overcharge for which the landlord is answerable under the Act.

Our decision is in accord with the principles enunciated in Delsnider v. Gould, 81

---

[1] Code 1940, 45—1610(a).

U.S.App.D.C. 54, 154 F.2d 844; Janes v. Noorbolm, D.C.Mun.App., 47 A.2d 105; Mayer v. Buchanan, D.C.Mun.App., 50 A. 2d 595, 75 W.L.R. 66; Gilbert v. Thierry, D.C.Mass., 58 F.Supp. 235, affirmed 1 Cir., 147 F.2d 603.

Other assignments of error are either not supported by the record or are without merit.

Affirmed.