LOUIS STERN, Plaintiff, *v.* BERKLEY HOUSE, INC., Defendant.

Supreme Court, Special Term, New York County, December 1, 1949.

*Shaine, Weinrib, Mallin & Gross* for plaintiff.

*Jesse Friedman* for defendant.

EDER, J. Motion for summary judgment dismissing the first cause of action is granted.

It is alleged that on or about May 10, 1948, plaintiff and defendant entered into a written lease whereby plaintiff hired from defendant the apartment in concern for a term of nineteen months, commencing June 1, 1948, at an annual rental of $3,300, payable in monthly installments of $275 each on the first day of each month during the said term; that on or about June 1, 1948, plaintiff entered into possession; that plaintiff, upon

making and entering into said lease, delivered to defendant, at its request, the sum of $550, representing security of two months' rent, in connection with said apartment; that plaintiff continued to rent said premises and to occupy the same and paid said rental of $275 per month to defendant from June 1, 1948, to December 31, 1948.

It is further alleged that the maximum rent permitted and prescribed for said apartment and due and payable by plaintiff to defendant for the rental and use and occupancy of said apartment, pursuant to the laws of the United States and regulations of the Office of Price Administration and the Office of Housing Expediter (hereinafter designated as OPA and OHE), and irrespective of any agreement of the parties to the contrary, was on May 10, 1948, and thereafter and up to the time of suit, the sum of $137.50 per month; that the amount received and collected by defendant in excess of said maximum rent of $137.50 per month, as fixed and prescribed by said statutes and regulations, and in excess of the security permitted by said statutes and regulations, is the sum of $1,650; that plaintiff has demanded defendant return said overcharge of $1,650 to plaintiff, which demand has been refused.

It is then alleged that pursuant to section 205 of the Federal Housing and Rent Act of 1947 (U. S. Code, tit. 50, Appendix, § 1895), as amended, defendant is liable to plaintiff for liquidated damages in the sum of $4,950, said sum being for three times the amount by which the payments received exceeded the maximum rent which could lawfully be accepted or received by defendant; that, further, pursuant to said section 205, defendant is liable to the plaintiff for reasonable attorney's fees and costs, as determined by this court, and judgment is demanded in said sum of $4,950, plus reasonable attorney's fees and costs. The answer denies the material allegations of this cause of action.

Defendant maintains that upon the documentary evidence submitted the mentioned cause of action is shown to be without merit, and that under subdivision 8 of rule 113 of the Rules of Civil Practice the said cause of action should therefore be dismissed.

The moving papers disclose that on September 17, 1947, defendant entered into a prior lease for the same apartment with one Harry Kiner, commencing October 1, 1947, and expiring September 30, 1949, at a monthly rental of $158.12, which was 15% above the then maximum rent of $137.50 per month;

that defendant registered this lease with the OHE and that said lease was approved by the said OHE, all of which is attested by the registration form of the OHE, annexed to the moving papers as Exhibit E.

Defendant contends that in consequence of the above facts, the apartment in question became decontrolled, hence there is no merit to the plaintiff's said cause of action.

Subdivision (b) of section 204 of the Federal Housing and Rent Act of 1947 (U. S. Code [1946 ed., Supp. I], tit. 50, Appendix, § 1894), so far as here pertinent, provides as follows: " That in any case in which a landlord and tenant, on or before December 31, 1947, voluntarily enter into a valid written lease in good faith with respect to any housing accommodations for which a maximum rent is in effect under this section and such lease takes effect after the effective date of this title [July 1, 1947] and expires on or after December 31, 1948, and if a true and duly executed copy of such lease is filed, within fifteen days after the date of execution of such lease, with the Housing Expediter, the maximum rent for such housing accommodations shall be, as of the date such lease takes effect, that which is mutually agreed between the landlord and tenant in such lease if it does not represent an increase of more than 15 per centum over the maximum rent which would otherwise apply under this section. In any case in which a maximum rent for any housing accommodations is established pursuant to the provisions of the last proviso above, such maximum rent shall not thereafter be subject to modification by any regulation or order issued under the provisions of this title. No housing accommodations for which a maximum rent is established pursuant to the provisions of the last proviso above, shall be subject, after December 31, 1947, to any maximum rent established or maintained under the provisions of this title."

There has been compliance by defendant with this provision, for the lease with Kiner was made on or before December 31, 1947, to wit, on September 17, 1947; a maximum rent was then in effect, viz., $137.50; such lease took effect after July 1, 1947, to wit, on October 1, 1947, and expires after December 31, 1948, viz., on September 30, 1949; and the maximum rent thereunder is $158.12, representing an increase of 15%.

With the approval of the Kiner lease by the OHE, the apartment became automatically decontrolled, by operation of law (cf. *Ribeiro* v. *Greenberg*, N. Y. L. J., Dec. 14, 1948, p. 1522, col. 6).

In this situation it is my view that there has been no violation of the statute and that there is no basis for the first cause of action, here assailed.

That the apartment had been decontrolled was imparted to the plaintiff, for prior to the time of the execution of the instant lease there was exhibited to him, on May 10, 1948, the day when the lease was executed, OPA Form D-27, issued by the OHE, stating that the maximum rent of the apartment had been established by a lease under subdivision (b) of section 204 of the Housing and Rent Act of 1947, and the lease between the parties states that said form D-27 was exhibited to plaintiff prior to the signing of the lease.

The plaintiff contends that the lease with Kiner was not entered into in good faith, and hence was not such a lease as could accomplish the statutory decontrol of the apartment; that it was resorted to for the purpose of predicating a claim by defendant that the apartment was decontrolled.

The approval of the Kiner lease by the OHE, and the consequent decontrol of the apartment, may not be attacked and reviewed in this forum, which is what the plaintiff is seeking to do by the first cause of action.

If plaintiff feels that the approval of the OHE of the Kiner lease was not warranted by the facts, his remedy is to apply to that Federal administrative agency to reconsider its approval of the lease and to revoke its approval thereof. The determination of an administrative officer may not be annulled by judicial fiat unless such determination was arbitrary or capricious, and no such allegation is made. Even if it were, it would not aid the plaintiff, for it would involve a review by this court of the determination of a Federal agency exercising powers conferred by Federal statute, and concerning a matter over which the Federal agency has exclusive jurisdiction, and this court has no jurisdiction to do so (cf. *Schmoll, Inc.,* v. *Federal Reserve Bank of New York,* 286 N. Y. 503).

A point is made by plaintiff that defendant moves to dismiss only that part of the first cause of action which concerns itself with the overcharge of rent, and that it ignores that part of the first cause of action which seeks damages for overcharge in taking excessive security.

The point is without substance; the motion is addressed to the entire first cause of action, and the claim for excessive security must, of necessity, fall, if the apartment is decontrolled and not subject to a maximum rent.

Plaintiff makes the additional point that defendant has not complied with paragraph (4) of subdivision (b) of section 204 of the Housing and Rent Act of 1947, as amended in 1948 (U. S. Code [1946 ed., Supp. II], tit. 50, Appendix, § 1894) which reads as follows: "(4) A landlord shall file a report with the Housing Expediter of any termination of a lease entered into under this subsection prior to the expiration date of the lease, including leases entered into under this subsection prior to the date of enactment of the Housing and Rent Act of 1948. Such report shall be filed within fifteen days after such termination or fifteen days after the effective date of such Act, whichever is the later date."

This provision requires that a landlord file a report with the OHE of the termination of a lease entered into pursuant to subdivision (b) of section 204. I fail to see how this aids the plaintiff and authorizes the maintenance of the first cause of action.

Firstly, this paragraph was not in existence when the Kiner lease was made and approved. It took effect on April 1, 1948. Secondly, it is to be noted that the statute does not invalidate such a lease nor does it provide that, in the event of a failure to file such report of termination, the apartment shall be recontrolled.

For the reasons stated, the motion is granted and the first cause of action is dismissed. Settle order.