## DE ANTUENO v. AGOSTINI.

United States District Court
S. D. New York.

Jan. 13, 1951.

Ralph Bosch, New York City, for plaintiff.

Anthony R. Leto, New York City, for defendant.

WEINFELD, District Judge.

The plaintiff in September 1947 sublet a furnished apartment in this city from the defendant who had leased the same apartment unfurnished from the owner of the building. The plaintiff in this action seeks to recover what he claims to be rent paid in excess of the legally established rent for the apartment. The complaint contains two causes of action, (1) to recover the alleged rent overcharges between September 15th, 1947 and October 1st, 1948, and (2) to recover three times the amount of the overcharges between October 1st, 1948 and October 1st, 1949.

The plaintiff has moved to strike various defenses and for other relief and the defendant has countered with a cross-motion for summary judgment and in the alternative for an order directing a pre-trial conference.

The second defense alleges, in substance, that a furnished apartment is not within the purview of the Housing and Rent Act, 50 U.S.C.A.Appendix, § 1881 et seq., under which the action arises. There is no substance to this defense and it is accordingly stricken.

The third defense pleads the one year limitation prescribed by Section 205 of the Act, 50 U.S.C.A.Appendix, § 1895. This is a good defense as to any violation of the Act which occurred more than one year prior to the commencement of the action. Strictly, the defense should have been limited to such earlier violations rather than being pleaded to both causes of action in their entirety. However, the plaintiff is not prejudiced by the defense in its present form and it can on the trial be applied to so much of the causes of action as may be found barred. Even assuming for the sake of argument the validity of the plaintiff's contention that the overcharge was a continuing one which is to be treated as occurring on the date of the last violation—a contention unsupported by authority—whether there was such a continuing violation presents an issue of fact and is not to be determined on the face of the complaint.

The fourth, fifth and sixth defenses may conveniently be treated together. These are sought to be stricken as sham and frivolous. Though there was an existing order of the Office of the Housing Expediter establishing the maximum rent of the apartment unfurnished at $103.00 a month, the only order establishing the maximum rent of the apartment furnished was made on November 7th, 1949, effective September 27th, 1949. The furnished apartment sublet to the plaintiff was not the housing accommodation leased to the defendant by the owner. It was a new housing accommodation. Janes v. Noorbolm, D.C.Mun.App., 47 A.2d 105; Delsnider v. Gould, 81 U.S.App.D.C. 54, 154 F.2d 844, 847. The maximum rent for the furnished apartment was the first rent for the same. Though the landlord is required by the regulations to register the accommodations within thirty days after the new renting and the rent received is subject to refund of any excess later fixed by order, the first rent remains the established maximum until the Expediter orders otherwise. Janes v. Noorbolm, supra; Wilkerson v. Montgomery, D.C.Mun.App., 47 A.2d 102; Maddox v. Arch Realty Corp., Sup., 100 N.Y.S.2d 276. As applied to this case, the order of November 7th, 1949, established the maximum rent of the apartment furnished at $160.00 a month from September 27th, 1949. In the absence of contrary considerations, the only overcharge made by the defendant would then be for the period from September 27th to September 30th, 1949. In this situation, the fourth and sixth defenses which plead the absence of an order of the Office of the Housing Expediter can obviously not be

stricken as sham and frivolous. The fifth defense alleging decontrol of the apartment is presumably based on a lease between the owner and the defendant for an increased rental. See Stern v. Berkley House, Inc., 196 Misc. 928, 93 N.Y.S.2d 466. The effect of this lease on the status of the furnished apartment may more appropriately be left for disposition at the trial. The motion to strike this defense is also denied.

The motion to direct the continuation and completion of the defendant's deposition is granted. The date will be fixed in the order hereon and will provide that the examination be conducted at the Court House.

The motion for a trial preference is denied.

The defendant's cross-motion for summary judgment in his favor is denied. The defendant's position is not so clear as to justify summary disposition. Moreover, the plaintiff may, in any case, be entitled to return of the overcharge from September 27th to September 30th, 1949.

The motion for a pre-trial conference is granted on consent in open court.

Settle order.