BERNARD ELLENBOGEN, as Administrator of the Estate of ROSE ELLENBOGEN, Deceased, Plaintiff, *v.* MORRIS GLASSMAN, Defendant.

City Court of Albany, May 19, 1953.

**470**

*Bernard Ellenbogen,* plaintiff in person.

*Sol Greenberg* for defendant.

Herzog, J. Plaintiff's intestate, Rose Ellenbogen, originally registered the first floor flat at 91 Clinton Avenue, Albany, New York, in 1942, for $28 a month, rented unfurnished and unheated. In August 1945, the tenant removed from these premises and the landlord went into occupancy and remained there from September, 1945, until August, 1949. In October, 1949, Rose Ellenbogen rented the flat to the defendant for one year from October 19, 1949, completely furnished, including washing machine, electric ironer, radio, drapes, curtains, heat and hot water. The lease fixed an annual rental of $1,300 payable in weekly installments of $25. The defendant paid this rent up to February 1, 1950, when, by mutual agreement, the rent was temporarily changed to $20 a week, which rent the defendant paid for the weeks through July 19, 1950. He then defaulted in payment of the rent and removed from the premises on August 16, 1950, without notice to, or approval of, the landlord. The plaintiff's intestate was unable to rent the premises until after the expiration of defendant's lease. This action is for the rent from July 19, 1950, to October 19, 1950, at the rate of $25 per week.

The defense is that the maximum rent for the premises was $28 per month and that the defendant paid at more than that rate for the year he leased the premises. It is admitted that plaintiff's intestate did not register the premises, furnished and heated, nor did she apply for an increase until sometime in 1950, after the removal of this tenant. The Administrator then fixed the maximum rent at $16 per week, effective November 20, 1950.

The answer to the question propounded here rests upon a determination of whether or not furnishing the previously unfurnished apartment and heating it, created a new and different housing accommodation. In support of this proposition, plaintiff's counsel cites *Lyon* v. *Thompson* (199 Misc. 527); also, *Maddox* v. *Arch Realty Corp.* (100 N. Y. S. 2d 276), where the court said, at page 277: " When the defendant furnished the apartment and sublet it to the plaintiffs the apartment became a

new housing accommodation." He relies, principally, on *Weiderman* v. *Recklinghausen* (278 App. Div. 289, affd. 303 N. Y. 633). In addition (and perhaps with tongue in cheek), counsel cites the opinions and writings of this court as reflecting a broad study of present day rental problems and law, and from these draws the conclusion that I have an " enlightened view " (sic) toward the problems of landlords. While the court admits that approximately eight years on this bench have convinced me that a great many landlords, and in particular those of older housing accommodations, have suffered extremely under present State rent laws, my views are not sufficiently " enlightened " to agree with plaintiff's contention here.

The court regards with deference the learned opinions of Justices BREITEL and WALTER in the *Maddox* and *Lyons* cases (*supra*) respectively, despite the fact that I cannot agree with the results reached therein. Both Justices relied, principally, on *Janes* v. *Noorboln* (47 A. 2d 105) and *Delsnider* v. *Gould* (154 F. 2d 844). A careful examination of these cases reveals that in the *Janes* case, the same court, which had been reversed previously in the *Delsnider* appeal, attempted to follow the decision of the appellate court. However, it seems to me that it actually followed (as did the *Lyons* and *Maddox* cases), the dictum in the *Delsnider* case, which is to the effect that housing accommodations consist of the premises *and furnishings,* and indicated that a change in furnishings might change the housing accommodations. This statement was unnecessary to the decision and the specific holding of the court was simply that when there are substantial capital improvements and alterations, then it becomes a question of fact whether it is a new accommodation or not. Indeed, the appellate court sent that case back for a new trial on this issue, despite the fact that testimony showed that a " shack " had been converted into a decent dwelling, with numerous capital improvements and alterations.

The chief authority of the plaintiff is the *Weiderman* case (*supra*) which, in my opinion, is not in conflict with my holding. That case was an action for overcharge. The original registration showed that the tenant had only the exclusive use of one room in a five-room flat and joint use of three other rooms, which included the kitchen, toilet, stove, and bathroom, and that the landlord had exclusive use of the fifth room. Later, the landlord and original tenant removed from these premises and the entire flat was rented, exclusively, to one tenant. It seems obvious that

the five-room flat finally rented was substantially different from the originally registered premises of one room and joint use of three others. It is true that the court cited, with approval, the *Lyons* and *Maddox* cases *(supra)*. However, it seems to me that these were cited merely on the general rule that the rent, once fixed, remains controlled only for the specific accommodations for which it was fixed and not for new or different accommodations.

In contrast, the defendant cites *Baum* v. *Crosfield* (279 App. Div. 1088, motion for leave to appeal denied by reason of lack of jurisdiction, 304 N. Y. 732), where the Appellate Division, first department, stated in a memorandum opinion, that, "The addition of furniture to an unfurnished apartment does *not* create a new and different housing accommodation." (Italics mine.)

To the same effect are *Rammel* v. *Frankfurt* (113 N. Y. S. 2d 83) and *2303 First Ave. Realty Corp.* v. *Balentino* (106 N. Y. S. 2d 785).

All of these cases are directly in point, whereas all but the *Maddox* case *(supra)* are distinguishable. I feel constrained to follow the reasoning of these decisions and the authority of the *Baum* case *(supra)* in the Appellate Division and hold that a new and different housing accommodation is not created by merely furnishing and heating a previously unfurnished and unheated apartment. The proper remedy is an application for an increase, under such circumstances.

However, I think that the plaintiff is entitled to recover, at the rate of $28 per month, for the three months during which the defendant defaulted in payment of the rent. Although the rent was fixed on an annual basis, it was payable in weekly installments. A tenant, who pays more than the maximum rent, has certain remedies which include an action for an overcharge, but the Statute of Limitations has expired for any such cause of action. Thus, the defendant may not interpose this as a defense in this action for rent.

Therefore, I find for the plaintiff, in the sum of $84, representing three months' rent, at $28 per month, the maximum rent for these premises during the period from July 19, to October 19, 1950.