## MARKBREITER et al. v. WOODS, Acting Housing Expediter.

No. 422.

United States Emergency Court of Appeals.

Heard at New York Oct. 22, 1947.

Decided Nov. 6, 1947.

---

Henry N. Rapaport, of New York City (Rapaport Brothers, of New York City, on the brief), for complainants.

Charles P. Liff, Chief, Court Review Rent Branch, Office of Rent Control, Office of the Housing Expediter, of Washington, D. C., for respondent.

Before MARIS, Chief Judge, and MAG-RUDER, Judge.

MARIS, Chief Judge.

This complaint, which was filed under Section 204(e) of the Emergency Price Control Act, 50 U.S.C.A. Appendix, § 924 (e), seeks a declaratory judgment that an order of the Area Rent Director of the New York City Defense Rental Area issued October 23, 1946, fixing the maximum rent for Apartment No. 9 at 123 East Boardwalk, Long Beach, New York, at $133 per month furnished, was invalid. The order in question purported by its express terms to be effective as of November 1, 1943.

In reliance upon the order one William Dauman, a tenant of the complainants for the summer season of 1946, obtained in the City Court of the City of New York, in a suit under Section 205(e) of the Emergency Price Control Act, 50 U.S.C.A. Appendix, § 925(e) to recover treble damages for overcharge of rent, a judgment for $529.66, with interest, counsel fees and costs. Upon the complainants' application the City Court gave leave to file the present complaint in this court. The respondent answered and the complainants have moved for judgment on the pleadings.

The order under attack was issued under Section 5(d) of the Rent Regulation[1] upon the Rent Director's initiative. As we have said, it was issued on October 23, 1946, but purported to fix the rent retroactively from November 1, 1943, a period of nearly three years which included the period of Dauman's occupancy of the apartment. The complainants urge that the order is invalid in toto because issued without procedural due process and that in any event it is invalid to the extent that it purports to fix the maximum rent retroactively for the period from November 1, 1943, to October 23, 1946.

The latter objection is well taken. Section 5(d) of the Rent Regulation does not authorize the Administrator to fix maximum rents retroactively. On the contrary,

---

[1] "(d) Orders where facts are in dispute, in doubt, or not known. If the rent on the date determining the maximum rent, or any other fact necessary to the determination of the maximum rent, or the services, furniture, furnishings or equipment provided with the accommodations on the date determining the maximum rent, is in dispute between the landlord and the tenant, or is in doubt, or is not known, the Administrator on petition of the landlord filed within thirty days after the effective date of regulation, or at any time on his own initiative, may enter an order fixing the maximum rent by determining such fact, or determining the services, furniture, furnishings and equipment provided with the accommodations on the date determining the maximum rent or both. If the Administrator is unable to ascertain such fact, or facts, he shall enter the order on the basis of the rent which he finds was generally prevailing in the defense-rental area for comparable housing accommodations on the maximum rent date and, where appropriate, may determine the services, furniture, furnishings and equipment included in such rent." 11 F.R. 4016, 4020.

It is undisputed that the Administrator's authority under Section 5(d) was properly delegated to the Area Rent Director.

as counsel for the respondent conceded at bar, orders under Section 5(d) may validly be given prospective effect only. Indeed in so stating counsel merely followed prior formal rulings of the Administrator.[2] As a matter of fact the pleadings indicate that the Rent Director himself subsequently, although somewhat ambiguously, sought to eliminate the retroactive feature of the order here under attack.[3] It follows that the order of October 23, 1946, must be held to be invalid to the extent that it purported to have retroactive effect.

This conclusion makes it unnecessary for us to consider the complainants' contention that the order is wholly invalid because issued without due process. For between October 23, 1946, and the subsequent termination of rent control over the complainants' apartment, the apartment was not rented to any tenant. Consequently the question of the validity of the order in its prospective operation must in any event be wholly moot.

A judgment will be entered declaring that the order of the Area Rent Director of the New York City Defense-Rental Area, issued October 23, 1946, was invalid insofar as it fixed a maximum rent for apartment No. 9 at 123 East Boardwalk, Long Beach, New York, for the period November 1, 1943, to October 23, 1946.

---

[2] Matter of Anna L. Collins, 4 Op. & Dec. (OPA) 3246; Matter of Harriet A. Kellogg, 5 Op. & Dec. (OPA) 3216; Matter of Floyd A. Evenden, 5 Op. & Dec. (OPA) 3200; Matter of Franklin Arms Hotel, Op. & Dec. (OPA) (decided June 23, 1947).

[3] Since the Rent Director did not revoke the retroactive provision of the order of October 23, 1946, on the ground that the provision was invalid ab initio, we have no occasion to consider the question as to whether such action on his part would have rendered moot the suit now before us.