HARRY C. APPEL, Plaintiff, *v.* PUBLIC SERVICE HOLDING CORP., Defendant.

City Court of the City of New York, Special Term, New York County, February 1, 1949, on reargument, March 29, 1949.

*Sidney M. Offer* for plaintiff.

*George Horowitz* for defendant.

COLEMAN, J. The defendant, landlord, moves for summary judgment in an action which a former tenant has brought against it to recover an alleged overcharge for housing accommodations. The period of occupancy was from September, 1947, through March, 1948, during which the plaintiff paid $160 a month. On May 13, 1948, on the basis of certain proceedings not clearly presented in the record but probably upon the application of the tenant, the Housing Expediter, through the Area Rent Director, declared that the maximum rent for the premises was $90 a month; and it is the overcharge of $70 a month that the tenant seeks to recover. The order of the Rent Director seemingly was made pursuant to subdivision (d) of section 5 of the Controlled Housing Rent Regulation of the Housing Expediter for the New York City Defense-Rental Area (11 Federal Register 4016), promulgated pursuant to the Housing and Rent Act of 1947 (U. S. Code, tit. 50, Appendix, §§ 1881–1902). Both sides take their stand on this order, the tenant arguing that it is retroactive to the period of occupancy and the landlord that it is effective only from its date.

Neither side, it seems to me, can rely upon the section of the regulation under which the expediter purported to act, and so far as defendant's motion for summary judgment is concerned, that can be disposed of without reference to whether the order in question is retroactive (cf. *Markbreiter* v. *Woods,* 163 F. 2d 993).

The tenant took possession on September 15, 1947, under an oral agreement of lease, on a month-to-month basis, at a rental of $160 per month. Yet in the " Registration Statement for Rent of Dwellings ", which the landlord filed, and which it was required to file (Controlled Housing Rent Regulation, § 7), it stated that the maximum rent for the premises in question, based on a 1944 tenancy, was $90 per month. The statement is undated and is upon a form of the Office of Price Administration (to which the Office of Housing Expediter succeeded) but it refers to the plaintiff and to his tenancy which, as I have said, began in September, 1947; and it established the maximum rent for the plaintiff. It would remain the maximum rent " unless and until changed by the Expediter as provided in Section 5 " (Controlled Housing Rent Regulation, § 4). And since by section 2 of the regulation, following the language of the statute itself (Housing and Rent Act of 1947, § 204, subd. [b], U. S. Code, tit. 50, Appendix, § 1894) " no person shall  *  *  *  demand, or receive any rent for  *  *  *  the use or occupancy  *  *  *  of any housing accommodations,  *  *  *  higher than the maximum rents provided by this regulation ", the landlord could not exact any amount above $90 unless the expediter permitted an increase.

Subdivision (d) of section 5 of the regulation to which both sides refer, authorizes the expediter on his initiative to enter an order fixing the maximum rent where " the maximum rent  *  *  *  is in dispute between the landlord and the tenant or is in doubt or is not known " by reference to facts which he is to ascertain or by reference to the rent generally prevailing in the area for comparable accommodations. Plainly this authorizes the expediter in the specified instances to fix the maximum rent in the first instance, but the section does not apply here. It does not refer to a case where the maximum rent for a particular tenancy has already been declared by the landlord and where all that is asked of him is to adhere to his own statement of it. Although the Area Rent Director presumed, as I have said, to act under this section of the regulation, in fact he did no more than state, on the basis of the registration filed by the landlord,

that the maximum rent was $90. He did not state that on the basis of his own investigation he fixed the maximum rent at that amount; he did not " change " the maximum rent and there has not been any " change ". The landlord, therefore, currently and without reference to any action taken by the expediter in May, 1948, was demanding and receiving as rental more than he should have received and his motion must be denied.

(On reargument, March 29, 1949.)

The additional papers on the motion for reargument clarify the proceedings before the Housing Expediter but they do not call for a change in the decision. The landlord did not at any time file a registration statement; and when the tenant applied to the Area Rent Director for relief from the alleged overcharge that official learned that the rent which the landlord had charged in 1944 (when, for the first time, the premises were rented) was $90 a month. Registration statement or no registration statement and without anything more, $90 was the maximum rent until changed by the Housing Expediter. As I pointed out in my original memorandum the rent director did no more than record his findings as to what was the fact in 1944 and this finding is not questioned by the landlord. The failure of the landlord to file the required statement certainly does not improve its position; if it had filed, it would merely have stated what the rent was. The form of statement in the original motion papers — represented to me as coming from the landlord — had been filled out by the rent director and sent by him to the landlord. The motion for reargument is granted but there will be no change from the original determination. Order filed.