### RHODES v. HANSCHL.
Civ. A. No. 10917.

United States District Court
E. D. Pennsylvania.

Dec. 1, 1950.

Richard D. Solo, Philadelphia, Pa., for plaintiff.

Joseph A. Keough, Philadephia, Pa., for defendant.

KIRKPATRICK, Chief Judge.

This is a motion to dismiss the complaint in an action by a tenant against his landlord for treble damages under the Housing and Rent Act of 1947, as amended, 50 U.S.C.A. Appendix, § 1881 et seq.

The property was rented to the tenant on April 15, 1947, at $22.50 per week. It was not registered with the Area Rent Director until March 25, 1949, nearly two years later and after complaint made by the plaintiff.

On July 13, 1949, more than three months after the registration, the Director sent a "D-18" form to the landlord notifying him that proceedings were being taken to reduce the rent, and on August 12, 1949, he entered an order changing the maximum rent from $22.50 per week to $11.00 per week. In accordance with Regulations Sec. 825.5, (c) (1) which provides that the landlord shall have the duty to refund "only if the order under this section is issued in a proceeding commenced by the Expediter within 3 months after the date of filing of such registration statement" the Director did not order a refund or make the order retroactive, but made it effective as of the next rent payment day. The order was complied with.

Unless the plaintiff is entitled by way of refund to treble the amount of rent collected since April 15, 1947, in excess of the maximum fixed by the Director's order of August 12, 1949, the requisite jurisdictional amount is not involved and the case must be dismissed under the authority of Fields v. Washington, 3 Cir., 173 F.2d 701.

To sustain the jurisdiction the plaintiff must get around the Director's order of August 12, 1949, which operated prospectively, not retroactively, and provided for no refund. The plaintiff's theory is that Regulations Sec. 825.5, (c) (1) is invalid because in conflict with the Act of Congress and unreasonable and arbitrary because it permits a portion of the tenant's claim to be defeated by inaction, negligent or otherwise, on the part of the Area Rent Director. Consequently, says the plaintiff, the Court may modify the order and now make it retroactive, or may disregard its prospective nature and award the refund to the plaintiff.

The plaintiff's position cannot be sustained. The statute does not mention or deal with refunds. It provides for the recovery by the tenant of "any payment of rent in excess of the maximum rent prescribed", that is, an overcharge is distinguished from a refund.

■ · In the present case the landlord disregarded the law when he failed to register the rented premises at the beginning of the lease. His default, however, did not make his collection of rent illegal and the rent stipulated in the lease remained the legal maximum until a lower maximum was prescribed by order—in this case August 12, 1949. On that date the Director, under general provisions of the Regulations, had the power to make the order effective as of the first renting or April 15, 1947, this on the theory that, though the landlord was entitled to collect his unapproved rent, he did so on the implied condition that it was subject to a refund of all amounts over a maximum prescribed rent, if and when such refund should be later ordered. "The statute and regulations made his rentals tentative but not unlawful. Until the contingency of readjustment occurred, the tenant could have had no cause of action for recovery of any part of the rental exacted by the landlord", Woods, Housing Expediter, v. Stone, 333 U.S. 472, 476, 68 S.Ct. 624, 626, 92 L.Ed. 815.

■ Having the power to order a refund, the Expediter chose to limit the exercise of that power by Regulations Sec. 825.5, (c) (1). This was a reasonable regulation designed to prevent landlords who had complied with the Act and registered, even though the registrations were delayed and delinquent, from remaining in a state of uncertainty for long periods of time as to what rent they would be able to charge. In the vast majority of cases the Regulation produces a fair and just result. There will be cases, of course, like the present one, where the result may seem inequitable to the tenant.

I hold that the Regulation in question is reasonable and valid and that the order of the Rent Director made in pursuance of it was neither unreasonable nor arbitrary.

As a result there can be no recovery in this case for the requisite jurisdictional amount and the complaint will be dismissed.