In the Matter of Pan American Magazine Building, Inc., Petitioner. Brooks Costume Company, Inc., Respondent.

Supreme Court, Special Term, New York County, April 26, 1951.

*William P. McCool* for petitioner.

*J. M. Goddard* and *Rhoda P. Krupka* for respondent.

Walter, J. By decision announced March 29, 1951, I fixed respondent's rent at $20,412.50, an increase of 15% above the $17,750 at which it was fixed in 1945. Petitioner asks that the increase be made effective retroactively to August 11, 1950, the date of the commencement of the proceeding. Its counsel contends that such retroactive effect is required by the provision of the statute that the rent to be fixed shall be a reasonable rent based on the fair rental value of the tenant's commercial space " as of the date the application to the supreme court or submission to arbitration is made " (L. 1949, ch. 534, § 4; L. 1950, ch. 327, § 4, subd. 1).

I think that provision of the statute relates entirely to the date as of which the determination of the amount of the rent is to be made, and has nothing whatever to do with the time when the rent so determined is to become effective. The amount of the rent is to be fixed on the basis of what is the fair rental value at the time of the application, but I see nothing in that, or in any other part of the statute, which indicates that when the rent is so fixed the obligation of the tenant to pay the amount fixed is to be related back to the date of the application.

Neither do I see anything in *Matter of Barry Equity Corp. (Marcia Hat Co.)* (276 App. Div. 685) which requires that conclusion. The court there reversed an order which (1) fixed rent on the basis of all space being of equal value per square foot, and (2) provided that the rent so fixed be effective as of the date of the court's decision; but so far as I can discern from the opinion the reversal was because of the error of treating all space as of equal value. The majority opinion then concludes by ordering a new trial upon which the rent should be *determined* (not made effective) " ' as of the date of the application to the supreme court ' ".

That phrase, I repeat, seems to me to relate entirely to the date as of which the determination of fair rental value is to be made and has nothing whatever to do with the date as of which the rent fixed by the court is to become effective.

Some support for a contrary view is afforded by the fact that the opinion of Mr. Justice DORE in that case explicitly rejects the idea that the rent fixed by the court is to be made effective retroactively to the date of the application and yet is labelled as a dissenting opinion. That doubtless means that whoever affixed that label to the opinion of Mr. Justice DORE thought that the majority was holding that the rent fixed by the court should be made effective as of the date of the application. But as I see in the majority opinion itself no basis for that thought, I feel at liberty to follow the view I actually entertain.

Furthermore, to construe our statute as requiring that the rent fixed by the court be made retroactive to the date of the application would at least raise serious questions, I think, as to its validity (See *Markbreiter* v. *Woods,* 163 F. 2d 993 and *Peters* v. *Porter,* 157 F. 2d 186, 188).

Special circumstances some times may justify making a rent increase effective as of a date prior to the decision announcing the increase (see *Hotel Enterprises* v. *Porter,* 157 F. 2d 690), but no such circumstances exist in this case, and to simplify calculations and avoid possible confusion I think the proper course here is to make the increase effective as of April 1, 1951, which is the first of the first month after my decision and only three days after such decision.