Silverman *v.* Sobel, Appellant.

Argued March 19, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ. (WATKINS, J., absent).

*Elliot Unterberger,* with him *Edward Unterberger,* for appellant.

*Frederick Blumberg,* with him *Folz, Bard, Kamsler, Goodis & Greenfield,* for appellee.

OPINION BY ERVIN, J., June 11, 1957:

This assumpsit action to recover rentals paid by plaintiff in excess of the legally allowed maximum resulted in a finding by a judge sitting without a jury in favor of the plaintiff-tenant, in the sum of $302.57 ($191.40 being the amount of the overcharge during the period for which recovery could be had under the Statute of Limitations, $36.17 interest and $75.00, plaintiff's attorney's fee). The defendant's (landlord's) motion for judgment n.o.v. was refused and judgment was entered on the finding, from which this appeal was taken. The plaintiff, under a written lease dated October 13, 1949, became the tenant of the apartment in question. The lease did not contain any covenant obligating the landlord to provide furniture or furnishings. Prior to the plaintiff's tenancy, the premises had been rented to W. L. Reams and it was classified with the Area Rent Director as a furnished apartment. The landlord never filed a written report with the Area Rent Director showing a decrease in the furniture or furnishings. On June 9, 1952 the Area Rent Director issued an order adjusting the rent from $78.00 per month to $54.60 per month, the reason on the order being "Apartment is unfurnished." There was nothing in the files of the Area Rent Director to indicate when the apartment became unfurnished. The order of the Area Rent Director was not expressly made retroactive nor was there anything in the order to indicate that the landlord was being relieved of the duty to make a refund to the tenant. On August 29, 1952 plaintiff instituted this action in the lower court. Plaintiff testified that no furniture had ever been provided. The defendant testified that the furnishings

had been provided but had been removed at the request of the plaintiff. The lower court, in its opinion, stated: "We cannot conceivably find that in this transaction, the defendant was not at fault. On the contrary, we must from the testimony find that he purposely, wilfully, and knowingly charged a rental for services which he deliberately did not provide."

Appellant argues that the lower court did not have jurisdiction and that the plaintiff may not recover any rent in the absence of a specific refund order made by the Area Rent Director. His argument is based upon the fact that the Area Rent Director's order decreasing the maximum rent was issued and effective as of June 9, 1952. He argues that "If the plaintiff feels that she is entitled to any refund for any possible overcharges prior to the effective date of the order for rent decrease, the appropriate procedure to effect a modification or change in said effective date, would have been an appeal to the Emergency Court of Appeals." He further argues that by failing to take such an appeal, plaintiff failed to exhaust all administrative remedies provided in such instances, and, therefore, defendant cannot now ask the court to modify the order. This would be a good argument if plaintiff were endeavoring to change the Area Rent Director's order. As we comprehend this matter, the plaintiff is entirely satisfied with the order as written. She only asks the lower court to apply the regulations issued under the Housing and Rent Act to the order of the Area Rent Director. By virtue of the authority of an Act of Congress, known as The Housing and Rent Act of 1947, Public Law 129, 80th Congress, and The Housing Rent Regulation issued June 30, 1947, effective July 1, 1947, as amended, issued under the authority of said Act, the Office of Price Stabilization issued Housing Rent Regulation RR1, imposing maximum

rents for certain defense rental areas, including the County of Philadelphia, in the Commonwealth of Pennsylvania. The regulations with which we are concerned are as follows: Section 825.3: *"Minimum space, services, furniture, furnishings, and equipment.* Except as set forth in section 825.4 (e) or 825.5 (b) or as otherwise provided in this section, every landlord shall, as a minimum provide with housing accommodations, the same living space, services, furniture, furnishings and equipment as he was required to provide by section 825.1 to 825.12 inclusive on March 31, 1948."

Section 825.5 (b): *"Decreases in minimum services, furniture, furnishings, equipment, and space.* (1) Requirements for petition and order, or report. The landlord shall until the accommodations become vacant, maintain the minimum services, furniture, furnishings and equipment as required under section 825.3, unless and until he has filed a petition to decrease the services, furniture, furnishings, or equipment and an order permitting a decrease has been entered thereon. When the accommodations become vacant, the landlord may on renting to a new tenant decrease the services, furniture, furnishings, or equipment below the minimum, within 10 days after so renting the landlord shall file a written report with the area rent director showing such decrease."

Section 825.5 (b) (2): *"Adjustment in maximum rent for decreases on or after April 1, 1948.* The order on any petition under this paragraph (b) may require an appropriate adjustment in the maximum rent; and any maximum rent for which a report is required by this paragraph (b) may be decreased in accordance with the provisions of Section 5 (c) (3). If the landlord fails to file the report required by this paragraph (b) within the time specified, or decreases the services, furniture, furnishings, or equipment without an order

authorizing -such decrease where such order is required, the rent received by the landlord for any rental period commencing on or after such decrease or April 1, 1948, whichever is the later, shall be received subject to refund to the tenant of any amount in excess of the maximum rent which may later be fixed by an order decreasing the maximum rent on account of such decrease in services, furniture, furnishings, or equipment. Such amount shall be refunded to the tenant within 30 days after the date of issuance of the order unless the refund is stayed in accordance with the provisions of Revised Rent Procedural Regulation 1 or Rent Procedural Regulation 2. If the Director finds that the landlord was not at fault in failing to comply with this paragraph (b), the order may relieve the landlord of the duty to refund."

We do not believe that the order of the Area Rent Director would have to state that it is retroactive. This is at complete odds with the wording of regulation 825.5 (b) (2) which expressly provides that the excess rental shall "be refunded to the tenant within 30 days after the date of issuance of the order unless the refund is stayed. . . ." This section authorizes the director to relieve the landlord of the duty to refund if the director finds that the landlord was not at fault in failing to file a written report with the Area Rent Director showing such decrease in furnishings. The regulations above mentioned provide for the retroactivity of the order. The purpose of the order adjusting the maximum rent is to fix the amount of overcharge. When this is done the regulations become self-operative. Should we decide otherwise, the landlord would be permitted to profit from his own failure to comply with the law. Furthermore, the statute provides, 50 U.S.C.A. App. §1895, "(a) Any person who demands, accepts, receives, or retains any payment of

rent in excess of the maximum rent prescribed under the provisions of this Act, or any regulation, order, or requirement thereunder, shall be liable to the person from whom such payment is demanded, accepted, received, or retained . . . for a reasonable attorney's fees and costs as determined by the *court*, plus liquidated damages . . . Provided, That the amount of such liquidated damages shall be the amount of the overcharge or overcharges if the defendant proves that the violation was neither willful nor the result of failure to take practicable precautions against the occurrence of the violation. . . . (c) Suit to recover liquidated damages as provided in this section may be brought in any Federal court of competent jurisdiction regardless of the amount involved, or in any State or Territorial court of competent jurisdiction, within one year after the date of the violation. . . ." (Emphasis added) The complaint in the present action did not ask for triple damages. At the trial plaintiff sought to amend but the court refused to allow an amendment so that plaintiff was limited to the excess payments of rentals. This act clearly gives the lower court jurisdiction of the subject matter. It also permits the *court* to fix reasonable attorneys' fees and costs plus liquidated damages and expressly provides that the liquidated damages shall be the amount of the overcharges. The appellant has cited some cases to the effect that the tenant cannot recover any sums as a refund without a specific refund order made by the Area Rent Director. None of these cases involve a situation where, although the premises were registered as furnished premises, the furnishings had been removed without giving proper notice to the rent control authorities. All involve the nonregistration of the premises under some category rather than under a wrong category. Some of the cases involve proceedings under the Emergency Price

Control Act of 1942 and the nonregistration of premises under that act. The regulations involved in the present case were not in effect during the tenancies described in those cases. In *Rhodes v. Hanschl,* 94 F. Supp. 1009, although the case involves an action by a tenant against a landlord under the Housing and Rent Act of 1947, it involved regulation 825.5 (c) (1), which provides that the landlord shall have the duty to refund "only if the order under this section is issued in a proceeding commenced by the Expediter within 3 months after the date of filing of such registration statement." The purpose of this regulation was to prevent landlords who had complied with the act and registered, even though the registrations were delinquent, from remaining in a state of uncertainty for long periods of time as to what rent they would be able to charge. The regulation, therefore, provided that a refund could not be obtained if the reduction order was issued more than three months after the date of the registration. In the present case the landlord failed to present a petition within 10 days after renting the apartment as unfurnished. Regulations applicable to this situation expressly provide for a refund to be made within 30 days after the order of the Area Rent Director.

Appellant also argues that inasmuch as the order of the Area Rent Director was not expressly made retroactive, its effect was to relieve the landlord of making any refund of the amounts in excess of the legal maximum. Regulation 825.5 (b) (2) provides: "If the director finds that the landlord was not at fault in failing to comply with this paragraph (b), the order may relieve the landlord of the duty to refund." No such finding was made and the order does not expressly relieve the landlord of his duty to refund. A mere inference based upon the effective date of the

order is not sufficient, in our judgment, to draw the conclusion that an exception has been granted. Under the regulations the director would be required to make a specific finding that the landlord was not at fault. This was not done. From the record in this case we do not see how it could have been done.

Judgment affirmed.