FRANCES PRINCE et al., Landlords, *v.* ALBERT F. DAVIS, Tenant.

City Court of New Rochelle, March 30, 1949.

*William S. Parisi* for landlords.

*Albert F. Davis,* tenant in person.

*Sylvan D. Freeman,* Chief Litigation Section, New York Regional Office, Office of the Housing Expediter.

RUBIN, J. The landlords have instituted a summary proceeding in this court in statutory form based upon nonpayment of rent by the tenant. The answer is in the form of a general denial coupled with an affirmative defense that " the rent demanded herein is not that to which the landlord is entitled under the O.H.E. Rent Regulations for housing in the Westchester area." The facts have been stipulated. It is conceded that the demised premises were occupied by a superintendent in the employ of the landlords or their predecessors in title from June, 1944, to October 11, 1948, and in fact for a period of twelve years prior to October 11, 1948, the enjoyment of the premises being part of the compensation paid to the superintendents. The parties are in agreement that the demised premises were exempt from rent control while so occupied by employees of the landlord to and including October 11, 1948. The position of the tenant, supported by the Office of the Housing Expediter who has appeared in these proceedings by counsel, is that with the ter-

mination of the employee occupancy, the premises became subject to rent control.

Implicit in the stipulation of facts is a finding that the premises were not rented for any successive twenty-four-months period during the period February 1, 1945, to March 30, 1948, both dates inclusive. Furthermore, there is nothing in the stipulated facts to establish that the occupancy of the apartment by the employees of the owners of the building at any time between the effective rent date and the date of the commencement of the proceeding was other than part of an employer-employee relationship. There is no proof that the relationship of landlord and tenant ever existed with respect to these premises prior to the making of the agreement between the landlord and the named tenant in these proceedings. By the language of the Housing and Rent Act of 1947, as amended by Public Law 422 (80th Cong., 2d Sess., ch. 77) and by the Housing and Rent Act of 1948 (U. S. Code, tit. 50, Appendix, § 1881 *et seq.*) the term '' housing accommodations '' refers to a building or the portions thereof '' rented or offered for rent for living or dwelling purposes '' (§ 202, subd. [b]; U. S. Code, tit. 50, Appendix, § 1892, subd. [b]). Since the relationship of landlord and tenant with respect to the demised premises never existed prior to October 12, 1948, when the agreement of tenancy was made with the named tenant in this proceeding, the demised premises clearly were not '' housing accommodations '' on the effective rent date in this area.

Furthermore, in defining the term '' controlled housing accommodations '' the statute (§ 202, subd. [c]) expressly excludes any housing accommodations '' which for any successive twenty-four month period during the period February 1, 1945, to the date of enactment of the Housing and Rent Act of 1948, both dates inclusive, were not rented * * * as housing accommodations '' so that even if, independent of the absence of the relationship of landlord and tenant with respect to the superintendent's apartment, it would be considered '' housing accommodations '' under subdivision (b), it clearly is removed from the term '' controlled housing accommodations '' in this instance.

Furthermore, this is clearly the first rental undertaken with respect to these premises since the effective rent date in this area, which as such, is subject to no limitation upon the amount which an owner may ask for the first renting of a housing accommodation after termination of its noncontrolled status (*Levin* v. *Rosenkrantz,* 86 N. Y. S. 2d 271, 273; Controlled Hous-

ing Rent Regulation, issued pursuant to the Housing and Rent Act of 1947, as amd., § 4, subd. [c] ; 13 Federal Register 5710). In reading the Controlled Housing Rent Regulation, including amendments 1 to 32, issued July 1, 1948, we again find in clause (ii) of paragraph (1) of subdivision (b) of section 1, entitled " Service Employees ", that dwelling space, such as is involved herein, which was occupied by domestic servants as part or all of their compensation, is declared to be exempt housing and in subdivision (c) of section 4 of the same regulation we find that " For controlled housing accommodations first rented on or after July 1, 1947, the maximum rent shall be the first rent for such accommodations."

With the clear language of the statute before us and with the language of the official interpretation so given, it would seem that there could be no question left to be decided and that the rent established by this first rental agreement after July 1, 1947, should be held to constitute the lawful rent.

In the brief submitted by counsel for the Housing Expediter the question is put " Does the mere fact that such an exemption existed result in decontrol?" It seems to the court that we cannot talk about decontrol with respect to premises that were never controlled in the first place, or if they were exempt, and that is the word used in the statute, from control on the effective date of the statute in this area, then they were never controlled, and decontrol is not the question. Counsel further cites the statute for the proposition " that the Housing Expediter is authorized to issue such regulations and orders as he may deem necessary to carry out the provisions of this section (204 [d])," and refers to the circumstances that on the application of the landlord for an opinion, an opinion was rendered by an attorney, who is one of the officers authorized to issue official interpretations (Rev. Rent Procedural Reg. No. 1, 13 Federal Register 2369), to the effect that the apartment was not decontrolled under the provisions of the Housing and Rent Act of 1947, as amended, and the rent regulations promulgated thereunder.

No one disputes the authority of the Housing Expediter to issue the necessary regulations to effectuate the statute, but clearly such regulations can only relate to property which is subject to control by act of Congress. The Housing Expediter may not legislate and he may not enact regulations so as to bring within administrative action that which Congress has chosen to specifically exempt. By the same token, the attorney's official interpretation under the Revised Procedural Regulation,

while entitled to great weight under the statute, cannot subject to control that which was never the subject of Congressional control.

The Expediter's brief further refers to section 1 of the Controlled Housing Rent Regulation issued by the Housing Expediter (13 Federal Register 5706) for the proposition that " controlled housing accommodations " are defined to mean " any housing accommodation in any defense-rental area " which is not specifically exempt from control or decontrolled under the regulations. The fact has already been pointed out that these premises were specifically exempt on the effective rent date by act of Congress as well as by regulation, and decontrol is not the problem.

Counsel for the Expediter further cites an official interpretation (13 Federal Register 5001) issued August 25, 1941, construing housing accommodations which were exempt from rent control during the two-year period. That interpretation argues for control once the superintendent moves out on the theory that " such housing accommodations are not decontrolled on that basis because even though they were exempt during the two year period, they were rented during that period to a person who is not a member of the landlord's immediate family." It seems that that interpretation is based upon an erroneous premise for the simple reason that they were never " rented " during that period inasmuch as there never was the relationship of landlord and tenant with respect to the premises. If Congress had intended otherwise, all that it would have been required to say in the statute was that control would come into being on the expiration of an occupancy of quarters used as housing accommodations. When the term rented was used, we have the right to assume it was used deliberately, and for that reason this court is not prepared to go along with the reasoning in the opinion of the Housing Expediter in *Matter of Evelyn Clyman* (Docket RA–II — 107).

In his brief, counsel for the Expediter uses the statement " The fundamental distinction is one between ' exemption ' and ' decontrol ' ". With this statement the court is in accord, and this court can see no other course open to it in determining the issues herein than to have the word exemption in the Congressional act mean exactly what it says.

In interpretating these statutory problems it must not be overlooked that the exercise by Congress of the police power by the enactment of the emergency rent legislation is a use of the power of the Government in derogation of the common-law

rights of the landlord in the use and enjoyment of the property. " Such being the case, it follows that the procedure laid down by the Legislature in exercise of the police power must be strictly construed and strictly followed." (*Milano* v. *Town of Patterson,* cited in *Village of Williston Park* v. *Israel,* 76 N. Y. S. 2d 605, 607.) To like effect see *Matter of 440 E. 102nd St. Corp.* v. *Murdock* (285 N. Y. 298, 304).

Counsel for the Expediter further argues that official interpretation of the Expediter is controlling upon this court. This statement is not acceptable, for otherwise it would preclude all inquiry by the courts and leave parties to the mercy of official administrative interpretation. In any event, it is recognized that administrative interpretation is not controlling on the courts if " it is plainly erroneous and inconsistent with the regulation ". The opinion referred to, in the view of this court, is more than that. It is inconsistent with the statute. An interpretation by an administrative official is undoubtedly entitled to great weight (*United States* v. *American Trucking Assns.,* 310 U. S. 534) but it is not conclusive upon the courts, and the administrator in his anxiety to carry out his duties under the statute may not rewrite a statute so as to change its purposes. (*Lightbody* v. *Russell,* 293 N. Y. 492, 496.) The administrator undoubtedly may make any ruling or interpretation with respect to " controlled housing accommodations " necessary to effectuate the statute, if in fact the premises were " controlled housing accommodations " on the effective date of the statute; but he cannot, and may not, bring within the scope of the statute by administrative ruling and by his own decree that which Congress specifically exempted from the statutory scheme.

This court comes to the conclusion, therefore, that the demised premises are not " controlled housing accommodations " upon the stipulated facts and that in any event, since the agreement of tenancy described in the petition represents a first rental since the effective date of the statute, the rental so established is the lawful rental for the premises.

Final order may accordingly be entered by the landlord in accordance with the prayer of the petition.