### WOODS v. GRIFFEN.

No. 743.

United States District Court
D. Nevada.

June 13, 1950.

Sidney Feinberg, San Francisco, Cal., for plaintiff.

Sidney W. Robinson, Reno, Nev., for defendant.

FOLEY, District Judge.

This action was brought for injunction and restitution of alleged rental overcharges for the premises located at 1402 and 1410 South Virginia Street, Reno, Nevada. Defendant Robert A. Griffen and Grace A. Griffen, his wife, leased said premises to Arthur Peter Orender and Katherine E. Orender, husband and wife, and it is alleged that rentals in excess of lawful rent permitted by applicable regulations were demanded and received from said tenants for the rental periods December 1, 1947, to February 1, 1948, and from February 1, 1948, to March 1, 1948. Plaintiff's action is based upon maximum rents fixed by registrations made January 15, 1943, by the then owner of the premises, W. T. Aust, Exhibit A-1 and Exhibit A-2 attached to plaintiff's Request for Admissions. The maximum legal rents determined upon such registrations were as follows: For the premises, 1402 South Virginia Street, $57.20 per month; for the premises, 1410 South Virginia Street, $57.50 per month. The claim here for overcharges is based upon such maximum rents.

About September 1, 1946, the property was sold to a Miss Ash and from September 1, 1946, to November 5, 1947, Miss Ash put the property to use as a tourist home except for living quarters occupied by Miss Ash and members of her family. The Housing Expediter contends that the registrations by Mr. Aust on January 15, 1943, establishing maximum rents at $57.50 and $57.20 respectively, now apply to the properties.

In 12 F.R. 5619, Part 840—Procedure, beginning with § 840.17 to and including § 840.22, we have administrative regulations having to do with reports of and applications for decontrol. The introduction to said administrative regulations is as follows: "Under section 202(c) of the Housing and Rent Act of 1947, certain categories of dwelling accommodations are eligible for decontrol. To implement that section of the act and the applicable maximum rent regulations promulgated thereunder, §§ 840.17 through 840.22 provide for appropriate administrative proceedings on such decontrol."

The statement in said introduction that under § 202(c) of the Housing and Rent Act of 1947, 50 U.S.C.A.Appendix, § 1892(c), certain categories of dwelling accommodations are eligible for decontrol, is an incomplete statement of the effect of said § 202(c). Sec. 202(c) removes from control the categories of accommodations there set forth. The plausible reasoning in Woods v. Benson Hotel Corporation, D. C., 75 F.Supp. 743, 747, seems contrary to the Congressional purpose declared in § 202(c). The language of § 202(c), Housing and Rent Act of 1947, 50 U.S.C.A.Appendix, § 1892(c):

"The term 'controlled housing accommodations' means housing accommodations in any defense-rental area, except that it does not include—* * *

"(2) any motor court, or any part thereof; * * * or any tourist home serving transient guests exclusively, or any part thereof; * * *".

Secs. 1894(b) and 1896 of 50 U.S.C.A. Appendix, dealing with prohibitions and provisions for enforcement of the Act, apply only to "controlled housing accommodations".

By § 1894(d), 50 U.S.C.A.Appendix, "The Housing Expediter is authorized to issue such regulations and orders, consistent with the provisions of this title, as he may deem necessary to carry out the provisions of this section and section 202 (c) [section 1892(c) of this Appendix]."

Maximum rents and rent control do not apply to housing excluded from the definition of "controlled housing accommodations", and the statute, § 1892, as we have seen, expressly provides that the term "controlled housing accommodations" does not include any "tourist home serving transient guests exclusively, or any part thereof".

In 12 F.R. 4331 was published "Part 825—Rent Regulations Under the Housing and Rent Act of 1947—Controlled Housing Rent Regulation". In § 825.10, Sec. 1, of the Regulation we have the definition: "'Controlled housing accommodations' means any housing accommodation * * which is not specifically exempted from control or decontrolled under this regulation."

The housing accommodations here were specifically exempted from control, the said premises at the effective date of the Act of 1947 being a "* * * tourist home serving transient guests exclusively". Subsection (7) of § 1(b) of the regulation is invalid insofar as it attempts to require the filing of an application for decontrol in regard to housing specifically exempted by § 202(c), Housing and Rent Act of 1947, 50 U.S.C.A.Appendix, § 1892(c).

An administrator cannot regulate matters expressly taken or removed by Congress from his supervision. As was said by the Court in Prince v. Davis, City Ct., 87 N.Y.S.2d 600 on page 604: "(4, 5) No one disputes the authority of the Housing Expediter to issue the necessary regulations to effectuate the statute, but clearly such regulations can only relate to property which is subject to control by act of Congress. The Housing Expediter may not legislate and he may not enact regulations so as to bring within administrative action that which Congress has chosen to specifically exempt."

The provision of the statute with which we are here concerned is self-executing. In a case dealing with similar questions, the Court of Appeals, Ninth Circuit, by Circuit Judge Gardner, in Koepke v. Fontecchio, 177 F.2d 125 on page 128, said: "(5) * * * As the statute specifically excluded the accommodations here considered, it was self-executing."

This action came on regularly for trial before the Court without a jury, and the Court, having heard the testimony and having examined the proofs offered by the respective parties, and the cause having been submitted for decision, now finds the facts and states conclusions of law as follows:

Findings of Fact

1. In the judgment of the Housing Expediter, the defendant engaged in acts and practices which constitute a violation of Section 206(a) of the Housing and Rent Act of 1947, as amended.

2. That jurisdiction of this action is conferred upon this Court by Section 206 (b) of the said Act.

3. That at all times mentioned herein, the defendant was the landlord of and rented certain housing accommodations located at 1402 and 1410 South Virginia Street, Reno, Nevada, within the Reno Defense-Rental Area.

4. That since July 1, 1947, there has been in full force and effect pursuant to the Act, the Rent Regulations under the Housing and Rent Act of 1947, 12 F.R. 4331, establishing maximum rentals for the

**1020**

use and occupancy of housing and rental accommodations within the defense-rental area in which the premises referred to in Finding No. 3 above are located. That said Regulation is a "Controlled Housing Rent Regulation".

5. That from September 1, 1946, to the date of the sale of the property, November 24, 1947, to defendant, the premises and housing accommodations located at 1402 and 1410 South Virginia Street, Reno, Nevada, were used as a tourist home serving transient guests exclusively.

6. That at the time defendant Robert A. Griffen rented the said property to Arthur Peter Orender and Katherine E. Orender, defendant was informed by Katherine E. Orender that she wanted to use the property for transient rooms; and that on or about December 1, 1947, the said tenants caused to be displayed on said property a sign advertising "Transient Rooms". That during all of the time the said tenants occupied said premises, the defendant had no knowledge that said premises had been used for a purpose other than a tourist home.

7. That defendant has not since December 1, 1947, or at any of the times mentioned in the First Amended Complaint, demanded or received from tenants occupying above described premises rental in excess of any applicable regulation.

### Conclusions of Law

From the foregoing Findings of Fact, the Court decides:

1. [4] That the premises and housing accommodations located at 1402 and 1410 South Virginia Street, Reno, Nevada, at all of the times mentioned in plaintiff's First Amended Complaint, were, by virtue of the provisions of the Housing and Rent Act of 1947, decontrolled, and not subject to rent control.

2. That plaintiff take nothing by virtue of his First Amended Complaint.

Let judgment be entered accordingly.