NANCY LYON, Plaintiff, *v.* MARGARET L. THOMPSON, Defendant.

Supreme Court, Trial Term, New York County, September 12, 1950.

*Hyman Chipkin* and *Samuel Gursky* for plaintiff.

*Robert S. Garson* for defendant.

WALTER, J. On August 20, 1947, defendant subleased to plaintiff for the term August 15, 1947, to September 30, 1948, for $185 per month, an apartment in New York City, with use of the furnishings therein. Upon the execution of the lease plaintiff paid $277.50 as the rent from August 15 to September 30, 1947, and deposited with defendant $740 as security for her faithful performance of the lease. Plaintiff thereafter paid the rent for the months of October, November and December, 1947, and January, February and March, 1948, presumably on or about the first day of each of those months.

On December 16, 1948, she brought this action to recover three times the amount by which the specified rent exceeded that legally demandable and a reasonable attorney's fee.

Section 205 of the Federal Housing and Rent Act of 1947 (U. S. Code, tit. 50, Appendix, § 1895), provides that a person who demands, accepts or receives any payment of rent in excess of the maximum rent prescribed under section 204 shall be liable to the person from whom he demands, accepts or receives it for reasonable attorney's fees and costs, plus liquidated damages of $50 or three times the amount of the overpayment, provided that the liquidated damage shall be the amount of the overcharge if defendant proves that the violation was neither willful nor the result of failure to take practicable precautions against the occurrence of the violation.

Suit to recover such amount must be brought within one year after the date of the violation, and hence in no event may plaintiff recover any overpayment made more than one year prior to December 16, 1948 (*Sisom* v. *Filldor Realty Corp.*, 275 App. Div. 677; *Wichard* v. *Rubin*, 187 Misc. 484; *Citrone* v. *Palladino*, 77 N. Y. S. 2d 489; *Kane* v. *Gutmann*, 196 Misc. 331).

A more fundamental question is whether there was any overpayment, and that depends upon what was the maximum rent prescribed under section 204 of the statute.

That section (U. S. Code, tit. 50, Appendix, § 1894, subd. [b]) makes the maximum rent that which is agreed upon in leases made on or before December 31, 1947, and expiring on or after December 31, 1948, provided such agreed rent does not represent an increase of more than 15% over the maximum which would otherwise apply and provided that within fifteen days after its execution a copy of such lease is filed with the Housing Expediter. We are not here concerned with that provision, however, because this lease did not expire on or after December 31, 1948, and no copy of it was ever filed with the Housing Expediter. We, hence, must search further to ascertain the statutory maximum rent of this apartment.

Section 204 further provides that, unless the Housing Expediter shall otherwise order, the demandable rent shall not be greater than the maximum rent established under the Emergency Price Control Act of 1942 and in effect on June 30, 1947.

There is here no showing that the Housing Expediter did otherwise order with respect to this apartment, and hence our query is: What rent was in effect on June 30, 1947?

The only evidence on that point is a registration of a lease of this same apartment unfurnished, from Atrelan Realty Corp. to defendant herein, showing a rental of $75 per month on March 1, 1943, and a registration of a lease of the same apartment unfurnished, from the same landlord to the defendant herein, executed September 29, 1947, taking effect October 1, 1947, expiring September 30, 1949, and providing for a rent of $86.25 per month.

Plaintiff's theory seems to be that those leases show the maximum permissible rent and that everything in excess is an overcharge. In reality that cannot be so, because those leases actually do not show the rent in effect on June 30, 1947. But, vastly more important than that, I am of the opinion that this furnished apartment leased by defendant to plaintiff is a different housing accommodation from the unfurnished apartment leased by Atrelan Realty Corp. to defendant (*Maddox* v. *Arch Realty Corp.*, N. Y. L. J., July 27, 1950, p. 141, col. 3; *Janes* v. *Noorbolm*, 47 A. 2d 105 [Mun. Ct. of App., Dist. of Columbia]; *Delsnider* v. *Gould*, 154 F. 2d 844, 847), and, therefore, the lease registrations relied upon by plaintiff do not in any way even remotely tend to establish a maximum rent for the furnished apartment. It follows that plaintiff has failed to establish what was the maximum rent prescribed under section 204 for this furnished apartment and hence has failed to establish that she in fact paid any excess over that maximum, and for that

reason defendant's motion to direct a verdict in her favor must be granted.

It may be that a rent once fixed for a particular housing accommodation is controlling until some other rent therefor is fixed; but that does not aid plaintiff because that simply means that the rent once fixed remains controlling as to the accommodation as to which it was fixed. It does not mean that it controls as to a different accommodation, and the point here is that this apartment furnished is a different accommodation from the same apartment unfurnished.

Section 7 of Controlled Housing Rent Regulation 825.10 (Code of Fed. Reg., tit. 24, § 825.7) issued by the Housing Expediter, June 30, 1947, effective July 1, 1947, made it the duty of every landlord of controlled housing accommodations rented or offered for rent to file with the expediter a registration statement identifying each dwelling unit and specifying the maximum rent provided by the regulation for such unit. It hence may be that defendant should have filed such a statement within thirty days after the renting to plaintiff; but even if so, her failure to file such statement does not of itself make her liable for an overcharge or even establish the fact that there was an overcharge.

In fact, subdivision (c) of section 4 of the same regulation (Code of Fed. Reg., tit. 24, § 825.4, subd. [c]) provides that for controlled housing accommodations first rented on or after July 1, 1947, the maximum rent shall be the first rent for such accommodations. It does not here appear that this furnished apartment ever was rented before it was rented by defendant to plaintiff on August 20, 1947, and it hence would seem that if the regulation be taken at face value the lease to plaintiff itself actually established the maximum rent therefor and if a registration statement had been filed under section 7 it rightly would have specified the maximum rent to be exactly what plaintiff's lease provides.

Furthermore, even if the furnished apartment were regarded as the same housing accommodation as the same apartment unfurnished, plaintiff still would be met by the following provision in the Housing and Rent Act of 1948 (U. S. Code, tit. 50, Appendix, § 1894, subd. [b], par. [2]):

" In any case in which a landlord and tenant, on or before December 31, 1947, in accordance with the provisions of this subsection as then in effect, voluntarily entered into a valid written lease in good faith with respect to any housing accommodations, such housing accommodations shall not be subject to any maximum rent established or maintained under the provisions

of this title unless such lease is hereafter terminated or expires before March 31, 1949, in which case the maximum rent for such housing accommodations shall, through March 31, 1949, be not in excess of 15 per centum over the maximum rent which in the absence of a lease would be in effect with respect thereto on the date of enactment of the Housing and Rent Act of 1948 ''.

Plaintiff's exhibit 2 shows that before December 31, 1947, viz., on September 29, 1947, a landlord and tenant, viz., Atrelan Realty Corp. and defendant, voluntarily entered into a written lease of this apartment unfurnished at a rental of $86.25 per month, which was 15% over the $75 per month specified in an earlier lease which was filed with the Housing Expediter, and that such lease of September 29, 1947, was to expire after March 31, 1949, viz., on September 30, 1949. There is no evidence impugning the good faith of that lease, and there is no evidence that it expired or was terminated before March 31, 1949. It hence would seem to follow that, by reason of the making and registration of that lease of September 29, 1947, between Atrelan Realty Corp. and defendant, this apartment unfurnished became decontrolled (See *Stern* v. *Berkley House,* 196 Misc. 928).

In any view, therefore, plaintiff has failed to establish the basic fact essential to any recovery, viz., that the rent specified in her lease was in excess of a maximum rent established by statute or regulation.

Counsel have indulged in considerable discussion with respect to the security which plaintiff deposited with defendant. I think it all irrelevant to this action. Plaintiff has not here sued to recover the deposit and defendant has not counterclaimed for damages for any breach of the lease by plaintiff. It hence is unnecessary to consider whether plaintiff is entitled to recover the deposit either because it was unlawful for defendant to take the deposit or because plaintiff faithfully performed the lease, or whether defendant is entitled to keep the deposit in whole or in part to cover damages she sustained by reason of a breach of the lease by plaintiff.

Plaintiff has failed to establish the cause of action she alleged and defendant's motion to direct a verdict in her favor accordingly must be and is granted.

The clerk will enter judgment accordingly.