ALFRED K. MILLER, Plaintiff, *v.* CARLO COLOMBI et al., Defendants.

County Court, Westchester County, September 25, 1950.

*Edward Flander* for plaintiff.

*Milton D. Jacobs* for defendants.

FREDERICK P. CLOSE, Official Referee. This action is brought pursuant to section 205 of the Housing and Rent Act of 1947 (U. S. Code, tit. 50, Appendix, § 1895) to recover treble damages and reasonable attorney's fees from the defendant landlord for exacting excessive rent for allegedly controlled housing accommodations in violation of such act.

The rent paid was $95 per month from September 1, 1947, until July 1, 1948. It is claimed that the legal rent was $60 per month. The answer raises the issue as to whether the space involved was subject to the provisions of the Housing Act or not. It is the defendants' contention that space occupied was additional housing accommodation created by conversion after February 1, 1947, and therefore decontrolled pursuant to the provisions of the act.

About December 30, 1947, the plaintiff applied to the local Office of Price Administration (O.P.A.) for certain relief and as a result of subsequent events the O.P.A. issued an order about February 9, 1948, reducing the rent to $60. On advice of counsel the defendant refused to accept that amount and the tenant continued to pay $95 until he vacated the premises July 1, 1948.

There are but two issues involved: (a) Is the order of the O.P.A. reducing the rent binding on this court?; (b) Was the alteration of the space involved sufficient to comply with clause (8) of paragraph (a) of section 5 of regulation 825.10 of the Controlled Housing and Rent Regulations of 1947, so that an additional housing accommodation was created?

The answer to the first issue posed depends upon the answer to the second. Concededly if additional housing accommodations were created by the defendant subsequent to February 1, 1947, the premises were not subject to rent control. If the

premises are not subject to rent control the action of the O.P.A. board in accepting jurisdiction was *ultra vires* and invalid (*Woods* v. *Griffen,* 90 F. Supp. 1017; *Prince* v. *Davis,* 195 Misc. 901).

The question as to whether the premises had been so converted subsequent to February 1, 1947, as to furnish additional housing accommodations is one of law and fact for this court to decide (*Comstock* v. *Mahon,* 76 N. Y. S. 2d 642, 643). The defendant Carlo Colombi purchased the premises in 1942. It was then apparently used as a private house. The first floor consisted of six rooms without baths or bedrooms. The second floor contained five rooms and two baths and the third floor contained four rooms and one bath. Following the purchase the defendants' father and mother occupied the first and third floors and the entire second floor was rented to one Smith. While the defendant was in the armed services his father started to alter the first floor so as to make it a complete dwelling unit with two bedrooms and bath.

In January, 1946, the second floor was vacant except the west two rooms and bath (the space in question here). This space was occupied by the Colombi family as sleeping quarters. At about this time the defendant erected a partition on the second floor and so arranged that the east two rooms and bath had its own entrance from the hall and the west two rooms and bath had a separate entrance also. The east two rooms were then rented to a family. In the meantime the third floor had been rented to another family.

Because of the illness of the defendant's father the alteration of the first floor had never been completed. After putting in the partition on the second floor the defendant's family did its cooking and eating on the first floor and used the west two rooms as sleeping quarters. In June, 1946, the defendant rented the west two rooms and bath to one Doctor Starett for about two months until he could get possession of a house he had purchased. The rooms were unfurnished and had no kitchen or cooking facilities. The agreement with this tenant was that the bathroom was to be shared with the Colombi family for the reason that the alteration of the first floor was not yet completed. When Dr. Starett moved out the Colombi family again occupied these rooms and bath until March, 1947, at which time the alterations on the first floor were completed.

Thereafter the defendant converted the west two rooms and bath into a separate housekeeping apartment by changing one

of the rooms into a kitchen, installing gas, gas stove, refrigerator, changing a clothes closet into a pantry closet and he removed the wash basin from the bathroom and installed a combination kitchen sink. The apartment was plastered, painted, decorated and furnished with furniture and equipment for the kitchen, dining room and combination living room and bedroom. As this space was now to be used as separate living quarters it was necessary to install a new and larger domestic hot water heating service and other changes. This space was then rented to one Ruchty on May 1, 1947, at $110 per month. He moved out in August, 1947, and the plaintiff went into possession September 1.

It is my opinion that what was done by the defendant here subsequent to February 1, 1947, resulted in the creation of an additional self-contained housing unit on these premises. Therefore it was not within the jurisdiction of the O. P. A. For cases closely analogous see *United States* v. *Beatty* (88 F. Supp. 791), and *Woods* v. *Baker* (84 F. Supp. 339).

Judgment will be granted in favor of the defendant but without costs. Submit judgment on notice.