237 P.2d 1071

**TOMAZICH et ux. v. PADIS et al.**

No. 7769.

Supreme Court of Idaho.

Nov. 15, 1951.

Rehearing Denied Dec. 10, 1951.

Walter H. Anderson, Pocatello, for appellants.

Bistline & Bistline, Pocatello, for respondents.

TAYLOR, Justice.

In April, 1948, after inspecting the premises, the plaintiffs (respondents) rented an upstairs apartment in Pocatello, Idaho, from the defendants (appellants) at an agreed rental of $30 per month. The defendants had acquired the property about 1946, and between that time and the leasing to plaintiffs they had put a new roof

on the major portion of the building, completing the reroofing started by their predecessor, and had painted the outside of the building. This upstairs apartment had been registered in the area rent office of the O.P.A. in March, 1945. The maximum rent was then fixed at $15.50 per month. At the time of such registration the accommodation consisted of three rooms without bath or hot water equipment. After acquiring the property the defendants continued renting the apartment at the fixed rental until May, 1947, when it was vacated by its then occupants. Defendants consulted the area rent director, advised him of their desire to remodel the apartment by adding a room, a bath, hot water facilities, wiring for electric cooking, and general repairs. They were advised by the director that when these changes were made they could rent the apartment for $35 per month. During the time the apartment was vacant the contemplated changes and additions were made, with the possible exception of some of the general repairs. There was a dispute in the evidence as to the condition of the apartment with respect to wall paper and interior painting at the time plaintiffs leased it; but there is no dispute that an additional room, bath, hot water facilities, and wiring for electric cooking were added.

Plaintiffs took possession about May 1, 1948, and paid the agreed rental from April 15, 1948, to July 15, 1949. Following an eviction notice, they vacated the property about July 24th and commenced this action August 1, 1949, to recover attorneys' fees and damages in three times the amount by which the rent of $30 per month exceeded the $15.50 per month fixed by the rent director in 1945. § 205, Ch. 163, 61 Statutes 199, Housing and Rent Act of 1947, Tit. 50 Appendix, § 1895, U.S.C.A.

July 15, 1949, on petition of the defendants an order was issued by the rent director increasing the maximum rent from $15.50 to $35 per month. The order recites that the determination is made on grounds stated in Section 825.5 (a) (3) of rent regulations. This section, after reciting that "the adjustment in the maximum rent shall be effective as of the date of the filing of the landlord's petition", is as follows:

"(a) Grounds for increase of maximum rent. Any landlord may file a petition for adjustment to increase the maximum rent otherwise allowable only on the grounds that:

"(1)  *  *  *

"(2)  *  *  *

"(3) Substantial increase in space, services, furniture, furnishings or equipment. There has been a substantial increase in the services, furniture, furnishings, or equipment provided with the housing accommodations since the date or order determining its maximum rent or a substantial increase in the living space since June 30, 1947 but before April 1, 1948. No increase in the maximum rent shall

be ordered on the ground set forth in this paragraph (a) (3) unless the increase in living space, services, furniture, furnishings or equipment occurred with the consent of the tenant or while the accommodations were vacant: * * *" § 825.5 (a) (3), Tit. 24, C.F.R., p. 284.

Plaintiffs' contention is that, under this section the order of the rent director increasing the maximum was not effective during the time they paid the overcharges, and that the maximum of $15.50 per month fixed at the time the unit was registered in 1945 was the effective maximum during the period of their occupancy, and therefore defendants are liable to the penalty of the statute.

The defendants denied any violation of the statute, and alleged the making of the additions and improvements and that they charged and collected the rentals paid by the plaintiffs with the permission of the area rent director and in good faith. After providing for the penalty, which the plaintiffs seek to recover, the statute above referred to, contains a proviso as follows: "Provided, That the amount of such liquidated damages shall be the amount of the overcharge or overcharges if the defendant proves that the violation was neither willful nor the result of failure to take practicable precautions against the occurrence of the violation. Suit to recover such amount may be brought in any Federal, State or Territorial court of competent jurisdiction within one year after the date of such violation." Sec. 205, Ch. 163, 61 Stat. 199.

The court properly instructed the jury that no recovery could be had on account of any overcharges occurring more than one year immediately prior to the commencement of the action. The instructions also advised the jury of the effect of the proviso above quoted. The verdict was for the plaintiff for $166.75 damages and $125 attorneys' fees, the damages being in the exact amount of the alleged overcharges occurring during the one year.

Following the entry of judgment on the verdict, the court heard and denied defendants' motion for judgment notwithstanding the verdict or for a new trial. The appeal is from the judgment and the order.

Defendants assign the failure of the trial court to grant their motion for a nonsuit, their motion for a directed verdict, and the submission of the issues to the jury, all based upon their contention that the undisputed evidence establishes the fact that the apartment after the additions and repairs, and as rented to the plaintiffs in April, 1948, was a new and different housing accommodation than that which was registered in March, 1945, and that, therefore, the previously existing maximum was not applicable, and they were entitled to rent the property as a new unit under the provisions of 24 C.F.R. § 825.4(c) of Rent Regulations. This section provides:

"(c) First rent after June 30, 1947 (see also paragraph (e) of this section). For controlled housing accommodations first rented on or after July 1, 1947, the maximum rent shall be the first rent for such accommodations. Within 30 days after so renting, the landlord shall register the accommodations as provided in § 825.7. The Expediter may order a decrease in the maximum rent as provided in §§ 825.5(c) (1) and (6).

"If the landlord fails to file a proper registration statement within the time specified, the rent received for any rental period commencing on or after the date of the first renting shall be received, subject to refund to the tenant of any amount in excess of the maximum rent which may later be fixed by an order under § 825.5(c) (1) or (6)."

▮ Under this regulation the failure of the landlord to register the accommodation within 30 days, does not of itself establish the fact of an overcharge, nor render him liable therefor. Lyon v. Thompson, 199 Misc. 537, 99 N.Y.S.2d 922; Rhodes v. Hanschl, D.C., 94 F.Supp. 1009. The penalty incurred by such failure is fixed in the regulation itself as a liability to refund to the tenant any overcharge or excess which may be later determined.

▮ The statute under which this action was brought, being penal in nature, is strictly construed. The burden is on the plaintiffs to prove all of the facts necessary to establish a violation of the statute by the defendants. Mitcham v. Patterson, 1950, 82 Ga.App. 468, 61 S.E.2d 517; Lutz v. Bender, 340 Ill.App. 120, 91 N.E.2d 459; Prince v. Davis, 195 Misc. 901, 87 N.Y.S. 2d 600; Chambless v. Woods, 5 Cir., 182 F.2d 342; Knight v. Fox Caldwell Theatres Corp., 70 Idaho 148, 212 P.2d 1027. It was incumbent upon plaintiffs to prove what maximum rent was in effect with respect to this apartment when they rented it. To presume that the maximum fixed in 1945 continued in effect through the time plaintiffs occupied the property would in effect place the burden on the defendants to prove that it had been changed and a new maximum established. In other words, the burden would be on the accused to prove their innocence.

▮ Likewise, and as a part of the necessary proof as to what maximum rent was in effect, the plaintiffs were required to show that the housing accommodation rented to them in April, 1948, was the same accommodation as to which the maximum had been fixed at $15.50 in 1945. This they failed to do. It has been held that the furnishing of an unfurnished apartment, makes the apartment a new or different housing accommodation, to which the maximum fixed for the apartment unfurnished has no application. Janes v. Noorbolm, D.C.Mun.App., 47 A.2d 105; Delsnider v. Gould, 81 U.S.App.D.C. 54, 154 F.2d 844; De Antueno v. Agostini, D. C., 94 F.Supp. 957; Lyon v. Thompson, 199 Misc. 537, 99 N.Y.S.2d 922; Maddox

v. Arch Realty Corp., Sup., 100 N.Y.S.2d 276. We think that the additions and improvements made by defendants are sufficient to permit the apartment as rented to the plaintiffs to be regarded as a new and different accommodation than that referred to in the registration of 1945, and as such to be classed as an accommodation first rented after June 30, 1947, under § 825.4 (c) of the regulations, supra. Under this regulation the rent first established by the lease agreed upon between the plaintiffs and the defendants would become the new maximum. In other words, the plaintiffs failed to carry the burden which was upon them to prove that no new maximum was thus established. See also, Ivy v. Ferguson, 82 Ga.App. 600, 62 S.E.2d 191; Wilkerson v. Montgomery, D.C.Mun.App., 47 A. 2d 102; Prince v. Davis, 195 Misc. 901, 87 N.Y.S.2d 600.

Plaintiffs urge the fact that defendants sought and obtained an order, July 15, 1949, increasing the maximum rent, as an admission that the property was subject to rent control and that the rental fixed in 1945 continued in effect until the order was made. Under the decisions cited a property might be qualified for either registration as a new unit under regulation § 825.4(c) or as an improved accommodation under § 825.5. There is nothing essentially inconsistent between the two. So, seeking the order increasing the rent was not necessarily an admission that the accommodation could not also have been registered as a new one, nor (having regard to the rule of strict construction) would it deprive defendants of their right to defend on the ground that it was a new unit. This whole question, however, is speculative. The petition upon which the order was made is not in evidence. For aught that appears the application may have been for an increase in the maximum established by the lease agreement between the parties in April, 1948, as a "first rent" unit.

The motion for directed verdict should have been granted.

In view of the conclusion reached, consideration of other assignments is unnecessary.

The judgment is reversed and the cause ordered dismissed. Costs to appellants.

GIVENS, C. J., and PORTER, THOMAS and KEETON, JJ., concur.