[Civ. No. 4468. Fourth Dist. Dec. 18, 1952.]

DON HILLMAN et al., Appellants, v. G. W. SNYDER et al., Respondents.

James E. Walker for Appellants.

Arthur M. Bradley for Respondents.

GRIFFIN, J.—Action to recover treble damages claimed under Federal Housing and Rent Act of 1947. Plaintiffs and appellants, husband and wife, alleged in 12 separate causes of action that beginning October 18, 1949, they rented an apartment owned by defendants and respondents for a period of 12 months and paid rental therefor at the rate of $100 per month, when in fact the maximum rental for such housing accommodations allowable under the act had been fixed by the rent director of that area in 1942, at $30 per month. Treble the amount of the difference is sought against defendants by way of damages, totaling $2,565, plus attorneys' fees.

The answer denies, as to each cause of action alleged, that such rental payment as was received exceeded the maximum legal rent for such housing accommodations.

As a separate defense it is alleged that if any overcharge was made by defendants, or either of them, such overcharge was not wilful and not the result of failure to take proper precaution against the occurrence of an overcharge, and that plaintiffs' cause of action is barred by the provisions of section 205 of the Housing and Rent Act of 1947, as amended.

The court found generally in favor of defendants, and as to each cause of action found that defendants were the owners of the property, consisting of a lot improved with a dwelling house and a duplex; that plaintiffs orally leased the dwelling, equipped with furniture and furnishings, on October 18, 1949, on a month-to-month basis; that on said date the maximum rent for said housing accommodations was not fixed at the sum of $30 per month by any order of the rent director; that there was no order fixing the rental as such, continuing in effect from October 18, 1949, to and including September 30, 1950, as alleged by plaintiffs; that the maximum legal rent upon the accommodations then existing (unfurnished) was, in 1942, fixed at $30 per month by the area rent director; that the first rental after the effective date of the Housing and Rent Act of 1947, occurred when defendants rented said housing accommodations to plaintiffs on October 18, 1949, at which time said housing accommodations were first rented completely furnished; that it was not true that for the rent period from October 18, 1949, to November 18, 1949, plaintiffs paid to defendants any sum exceeding the maximum legal rent for such housing accommodations, and that plaintiffs are not allowed any penalty for overcharge under the provisions of section 205, *supra*. The court concluded that the housing accommodations rented to plaintiffs were different housing accommodations (i.e., fully furnished) and not the same accommodations controlled by the order fixing the maximum legal rent in 1942, for said housing accommodations unfurnished. Judgment was for defendants. Plaintiffs appealed.

From the evidence it appears that a Mrs. Scott who, in November, 1942, owned the property, registered the dwelling No. 428 here in question, as well as the duplex on the lot. She therein claimed that on October 2, 1942, she first rented the dwelling for $50 per month unfurnished. The record shows that later, on October 22, 1943, the rent director reduced it to $30, effective as of the latter date. The escrow

instructions for the sale of the property, signed by the parties on May 29, 1948, provide for apportionment of rents paid and indicate that the rental from dwelling No. 428 was $29, and the duplexes $24.50 and $17 respectively. It appears that defendants moved into the dwelling No. 428 as their home, made extensive repairs and improvements amounting to approximately $2,000, furnished it nicely, and equipped it as their home from August 1, 1948, until October, 1949; that in August, 1948, defendant Mrs. Snyder phoned the local rent director in regard to increasing the rent of one of the duplexes, requesting him to view the property to see if there couldn't be an increase in the ceiling on that rental; that a man came out and took the necessary measurements and made an investigation; that while he was there she asked him a question; that she said she thought Mr. Snyder, her husband, was being transferred from Escondido to Santa Ana, but if it should develop that he was not she would be forced to rent dwelling No. 428 although she had made extensive repairs in remodeling and had her own furniture in it; that she wondered if it would be possible for her to obtain $100 or $125 per month rent from it, and that the man replied: "Well, it is probably possible," and that the conversation was there dropped; that she was under the impression, gained from articles she read in the local newspapers about the change in regulations pertaining to rent control, that about the time she decided to rent her home it was unnecessary to register it when the owner had occupied it for one year and had remodeled and furnished it.

It does appear that defendant acted in good faith in calling the rent director in reference to the amount she might obtain for her future rentals and that she acted on knowledge she obtained from local newspapers in reference to change of regulations. It is rather shocking to good conscience now, under these circumstances, that plaintiffs should seek to obtain treble damages from defendants for the consideration they gave plaintiffs and their children when they were in distress and in need of rental premises, all predicated upon a technical construction of the Housing and Rent Act of 1947, insofar as it may or may not have repealed certain provisions of the Act of 1942, and particularly section 1388.4(j), which provision was applicable at the time of the original registration.

Counsel for plaintiffs point out that in *Lutz* v. *Bender,* 340 Ill.App. 120 [91 N.E.2d 459], it was held that under the 1947 Act, where an apartment was changed from an unfur-

nished to a furnished apartment, and where the plaintiffs were the first tenants to occupy it after the change, the landlord could not raise the maximum rent without an order from the rent director. To the same effect is *Forde* v. *United States*, 189 F.2d 727; and *Dauksewicz* v. *United States*, 194 F.2d 52. The effect of the rent regulations issued under the Emergency Price Control Act of 1942 was not presented nor discussed in the case of *Lutz* v. *Bender, supra*. *Forde* v. *United States, supra*, is not in point because it involved a maximum rent ceiling which was fixed on September 1, 1947, after the Housing and Rent Act of 1947 went into effect. *Dauksewicz* v. *United States, supra*, does not present the question of a ceiling established on unfurnished accommodations under the Act of 1942, and a later rental after the Act of 1947 went into effect on furnished premises. In that case it was conceded that the maximum rent for the apartment in question was originally established at $8.50 per week, and it was stipulated that the maximum rent of $9.25 was thereafter established and carried over automatically and became the starting maximum rent under the Act of 1947.

Certain cases are cited wherein it is held that an owner, in order to lawfully collect increased rental, must petition for and obtain an order from the rent director allowing such increase. In those cases a maximum rental for certain accommodations had been fixed by the director and the holding therein was to the effect that maximum rents once fixed can be increased only by order of the director upon petition of the owner.

Section 205 of the Housing and Rent Act of 1947 provides that:

"Any person who demands, accepts, or receives any payment of rent in excess of the maximum rent prescribed under section 204 shall be liable to the person from whom he demands . . . such payment, for reasonable attorney's fees and costs as determined by the court, plus three times the amount by which the payment or payments demanded . . . exceed the *maximum rent* which could lawfully be demanded. . . ."

The applicable portion of section 204, above mentioned, provides:

". . . no person shall demand, accept or receive any rent for the use or occupancy of any controlled housing accommodations greater than the maximum rent established under the authority of the *Emergency Price Control Act of 1942,*

as amended, and in effect with respect thereto on June 30, 1947.''

Section 825.4, subsections (a) and (c) of Rent Regulations Under the Housing and Rent Act of 1947, provides:

"Section 825.4(a) *Maximum rents—Maximum rents in effect on June 30, 1947.* Except as otherwise provided in this section, the maximum rent for any housing accommodations subject to Secs. 825.1 to 825.12, shall be the maximum rent which was in effect on June 30, 1947, as *established under the Emergency Price Control Act of 1942,* as amended, and the applicable rent regulation issued thereunder. . . .''

"(c) First Rent after June 30, 1947. For controlled housing accommodations first rented on or after July 1, 1947, the maximum rent shall be the first rent for such accommodations. . . .''

Section 1388.4(j) of the Rent Regulations issued under the Emergency Price Control Act of 1942, provides:

"For housing accommodations changed on or after July 1, 1943, or the effective date of regulation, whichever is the later, from unfurnished to fully furnished, the *first rent for such accommodations after such change.*'' (Italics ours.)

It is provided expressly by these regulations that the *maximum rent* fixed was for an unfurnished accommodation and that if the housing accommodations should be fully furnished the rent would be established on a *first rent basis,* subject to reduction by the area office. It therefore does not appear that a *maximum rent* was at any time established under that act on furnished housing accommodations.

*Krim* v. *Severance,* 112 Cal.App.2d 353 [245 P.2d 111], involves a question similar to that presented in the instant case. There, in 1948, plaintiff leased from defendant a *furnished* dwelling for $250 per month. Defendant occupied it until March, 1950. The rent fixed by the rent director for the same house, *unfurnished,* was $125 under the 1942 Emergency Price Control Act, which, by amendment, provided that housing accommodations which were not rented for 24 consecutive months commencing February 1, 1945, were not controlled housing accommodations. There, the house being owner-occupied, the rent director, upon application of the owner, made an order approving decontrol. The 1942 act was superseded by the 1947 Act. Plaintiff, the tenant, sought treble damages for claimed overcharge between the unfurnished and furnished price, claiming that upon recontrol, the maximum rental was $125 per month, and since defendants did not

obtain an order from the rent director increasing said maximum rental to $250, the original amount of $125, the unfurnished price, remained the maximum rental price, whether furnished or unfurnished.

The court held that the *maximum rental* as a *furnished* dwelling, had not been fixed; that the collection of rental of $250 after recontrol on April 1, 1949, was tentative, was subject to readjustment by the rent director, and was not unlawful; that the circumstances are the same as accepting rent when property is first rented, and before a maximum rent has been fixed by the rent director, citing *Woods* v. *Stone,* 333 U.S. 472 [68 S.Ct. 624, 92 L.Ed. 815] ; and *Parshalle* v. *Curl,* 90 Cal.App.2d 641, 649 [203 P.2d 802]. Plaintiff was denied judgment.

In *De Antueno* v. *Agostini,* 94 F.Supp. 957 [U.S. Dist. Court, S.D.N.Y.], the plaintiff, in September, 1947, sublet a furnished apartment from the defendant, who had leased the same apartment unfurnished from the owner of the building. The court said:

"The furnished apartment sublet to the plaintiff was not the housing accommodation leased to the defendant by the owner. It was a new housing accommodation . . . The maximum rent for the furnished apartment was the first rent for the same. Though the landlord is required by the regulations to register the accommodations within thirty days after the new renting and the rent received is subject to refund of any excess later fixed by order, the first rent remains the established maximum until the Expediter orders otherwise." (See, also, *Tomazich* v. *Padis,* 72 Idaho 77 [237 P.2d 1071] ; and *Lyon* v. *Thompson,* 99 N.Y.S.2d 922, 925.)

These cases sufficiently dispose of the question here presented. The attempted appeal from the order denying a new trial is dismissed. (*Chichester* v. *Seymour,* 28 Cal.App.2d 696 [83 P.2d 301].)

Judgment affirmed.

Barnard, P. J., and Mussell, J., concurred.

A petition for a rehearing was denied January 9, 1953, and appellants' petition for a hearing by the Supreme Court was denied February 16, 1953. Edmonds, J., Carter, J., and Spence, J., were of the opinion that the petition should be granted.