SAMUEL A. BRINSON, PLAINTIFF-APPELLANT, v. GER-
ARDO HERNANDEZ, DEFENDANT-RESPONDENT.

Argued April 29, 1957—Decided June 3, 1957.

*Mr. Seymour A. Smith* argued the cause for appellant (*Messrs. Hein, Smith & Mooney,* attorneys; *Mr. Seymour A. Smith,* of counsel).

*Mr. Robert S. Krause* argued the cause for respondent (*Mr. Milton T. Lasher,* attorney; *Mr. Robert S. Krause,* on the brief).

The opinion of the court was delivered by

WEINTRAUB, J. Plaintiff instituted two actions, one in the Bergen County District Court and the other in the Superior Court, to recover treble damages under the federal and state rent control laws. The suits were consolidated and the trial resulted in judgments for defendant. We certified plaintiff's appeal before consideration by the Appellate Division.

On October 10, 1951 defendant leased to plaintiff an apartment in a two-family house in Cliffside Park, New Jersey, for the agreed monthly rental of $75. Plaintiff claimed the maximum legal rent was $34 per month and sought damages for the period of October 1951 to March 31, 1956. The complaints were filed on October 26, 1955 and March 25, 1956.

The action under the federal statute for the period through July 31, 1953 was barred by the time limitation therein provided, 50 *U. S. C. A. Appendix,* § 1895, and part of the claim under the state law was likewise barred by the limitation in *N. J. S.* 2A:14–10(*b*). *Addiss v. Logan Corporation,* 23 *N. J.* 142 (1957). With respect to the remainder, it is sufficient to consider whether the trial court correctly held that plaintiff failed to demonstrate the premises were subject to the claimed rental maximum during the period involved.

The records of the federal agency were transferred to the Bergen County Rent Control Agency upon the termination of federal control. In June 1956, the terminal date of the

state law being imminent, the county agency sent the records to the clerk of the district court for the purposes of this case. They were mislaid and hence unavailable at the trial.

George P. Lavelle, the rent examiner for the county agency, identified a photostatic copy of a registration statement as a copy of the original in the lost file. The statement had been executed in July 1942 by Cliffside Park Liquidating Trust, presumably the then owner, and stated the maximum legal rent to be $34 per month. Lavelle recalled that the file contained three papers, of which two were the original and copy of the registration statement and the third was a slip, not otherwise described. He testified he could not say whether the premises had been decontrolled or the authorized rent increased. The trial judge thought the proof was inadequate and offered plaintiff a dismissal without prejudice, which plaintiff declined, preferring to "proceed to try to prove it." Nothing more developed. Plaintiff did not produce the prior owner or owners, and defendant rested without offering any evidence.

The issue thus presented is whether proof that the maximum legal rent was $34 in July 1942 suffices to show the premises continued to be controlled and at that figure in October 1951 when the lease was made and throughout the period covered by the suits.

Plaintiff contends the existence of a fact at one time sustains an inference that it continued until proof of a change is adduced. The principle thus sought to be invoked is not a rule of law "to be applied to all cases, with or without reason." *Maggio v. Zeitz,* 333 *U. S.* 56, 65, 68 *S. Ct.* 401, 92 *L. Ed.* 476 (1948). Rather, it calls for the exercise of sound discretion by a trial judge according to the likelihood of the persistence of a fact under the circumstances of the case. Thus it may readily be inferred that sanity, insanity, and total disability continue. *Drachenberg v. Drachenberg,* 4 *N. J. Super.* 510 (*App. Div.* 1949); *Crager v. West Hoboken Transfer & Express Co.,* 132 *N. J. L.* 547 (*Sup. Ct.* 1945); *Rein v. Travelers Insurance Co.,* 124 *N. J. L.* 554 (*E. & A.* 1940). The inference has been drawn

with respect to a state of widowhood, *Gaudreau v. Eclipse Pioneer Division of Bendix Air Corporation,* 137 *N. J. L.* 666 (*E. & A.* 1948), and the nature of the right under which the occupant of property has continued in possession, *Dobbelaar v. Hughes,* 109 *N. J. Eq.* 200 (*E. & A.* 1931). The inference may be warranted where the condition or value of personal property is in issue if the time interval is relatively brief. *Wallraff v. W. J. B. Motor Truck Co.,* 98 *N. J. L.* 67 (*Sup. Ct.* 1922).

We refer to prior decisions, not because the precise application of the rule in any of them is here dispositive, but rather to illustrate the variety of situations in which the proposition may arise and to suggest the impossibility of formulating a principle other than a broad one calling for a discretionary determination in which the nature of the subject matter and the time interval must figure prominently. *Orcutt v. Hoyt,* 6 *N. J.* 46, 55 (1950); *Wigmore, Evidence* (*3d ed.* 1940), *vol.* 2, § 437 and *vol.* 9, § 2530; 20 *Am. Jur., Evidence,* § 207, *p.* 205; 31 *C. J. S., Evidence,* § 124, *p.* 736.

Here more than nine years intervened between the registration and the lease, and some 13 years between the registration and the institution of the first suit. In the light of the opportunities for decontrol or change, the 1942 registration cannot be said to have a degree of continuity sufficient to bridge the considerable interval of time. Hence the trial judge's determination was proper. See *Tomazich v. Padis,* 72 *Idaho* 77, 237 *P.* 2d 1071 (*Sup. Ct.* 1951).

The judgments are affirmed.

*For affirmance*—Chief Justice VANDERBILT, and Justices HEHER, OLIPHANT, WACHENFELD, BURLING, JACOBS and WEINTRAUB—7.

*For reversal*—None.