In the Matter of MARY S. PROCHE, Appellant, against JOSEPH D. McGOLDRICK, as State Rent Administrator, Constituting the Temporary State Housing Rent Commission, Respondent, and MOSES LEINWAND et al., Interveners, Respondents.— In a proceeding pursuant to article 78 of the Civil Practice Act to review and annul an order of the State Rent Administrator which established maximum rent of petitioner's apartment at $64.50 a month, petitioner appeals from an order dismissing her petition. Order affirmed, without costs. Prior to May, 1948, the maximum rent of the housing unit occupied by appellant was $30 a month. In May, 1948, the area rent office of the office of the housing expediter ordered that the maximum rent be increased to $64.50 a month. That order fixed the maximum rent for the housing unit, furnished or unfurnished, and was in effect at the termination of Federal control. Thereafter, appellant, who had entered into a lease of the apartment after it was subject to State control, filed an application with the Temporary State Housing Rent Commission to cancel the 1948 Federal order or ·to reduce the rent to $30 a month. On March 10, 1952, the local rent administrator determined that the rent on December 1, 1950, was $32 a month, pursuant to section 36 of the

State Rent and Eviction Regulations, and that such amount was the maximum rent. The determination was based on a finding that the Federal order was improperly made. The administrator had no power to make such an order. By the provisions of paragraph (b) of subdivision 1 of section 4 of the State Residential Rent Law (L. 1946, ch. 274, as amd.), the maximum rent for the apartment was that established pursuant to the Federal act, and under the circumstances disclosed neither the administrator nor the courts could review the order of May, 1948. (*Matter of Nadler* v. *McGoldrick,* 278 App. Div. 851, affd. 303 N. Y. 742; *Wasservogel* v. *Meyerowitz,* 300 N. Y. 125.) The local rent administrator and the State Rent Administrator, therefore, had power to reopen the proceedings which resulted in the order of March 10, 1952, and to make the determination sought to be reviewed. (*People ex rel. Finnegan* v. *McBride,* 226 N. Y. 252.) Nolan, P. J., Adel, Wenzel and Beldock, JJ., concur; MacCrate, J., dissents and votes to reverse the order, to annul the determination of the State Rent Administrator and to remit the proceeding to the State Rent Administrator for reconsideration, with the following memorandum: The local and State Rent Administrators could, as they did, reopen the proceedings which resulted in the order of March 10, 1952, and modify that order, and they could, as the local administrator did, determine that there had been a decrease in the furniture provided. In accordance with the facts found, the order of March 10, 1952, could have been modified and made effective as of that date. (Cf. *Levy* v. *1165 Park Ave. Corp.,* 305 N. Y. 607, and *Matter of Macan Estates* v. *McGoldrick,* 281 App. Div. 810, affd. 305 N. Y. 876.) The administrators, however, could not adopt, as they did, the findings in the Municipal Court in the consolidated actions and proceeding. They were obliged to base their orders on the evidence before them prior to the making of the order of March 10, 1952, and such additional evidence as was presented. Concededly, the order of the State Rent Administrator was based on an erroneous assumption of the existence of facts. In the state of the record before him he should have made a determination as to the rent of the premises as they were furnished by the landlord for this tenant.