In the Matter of REGION HOLDING CORP. et al., Appellants, against ROBERT C. WEAVER, as State Rent Administrator, Respondent. — In a proceeding to review a determination of the State Rent Administrator, the appeal is from an order denying the petition and dismissing the proceeding. The determination sought to be reviewed denied appellants' protest to an order made by a local rent administrator declaring that a certain apartment in appellants' building is subject to rent control, and fixing a maximum monthly rental therefor. Order unanimously affirmed, with $10 costs and disbursements. The subject two-room apartment is in the rear of a store. For many years prior to October, 1955 the store and apartment had always been rented as a single unit. In that month, the apartment was separated from the store and rented independently. No alterations of any kind were made to the apartment in connection with that separation. Appellants contend that the apartment is not subject to control as it is a housing accommodation created by a change from a nonhousing to a housing use after February 1, 1947. (See State Residential Rent Law, § 2, subd. 2, par. [g]; L. 1946, ch. 274, as amd.) However, the record establishes that the two-room apartment was used for dwelling purposes in 1947, and it also appears that in February, 1948 the United States Office of the Housing Expediter fixed the maximum rent therefor on a finding that the living and commercial quarters were separable and the dwelling portion was therefore under the jurisdiction of the Rent Regulations for Housing. Under the circumstances disclosed, the State Rent Administrator properly held that the premises were not exempt from control. (Cf. *Matter of Proche v. McGoldrick*, 283 App. Div. 728, affd. 307 N. Y. 760.) A subsequent notice by the Housing Expediter in 1949 did not operate as a revocation or modification of the 1948 order. Although, apparently, it was intended as a statement to the tenant of the subject premises that the premises were a store and not a dwelling unit, the address of the premises was set forth incorrectly, no mention was made of the prior order fixing the maximum rent, and there is no evidence that the Federal Area Rent Director was aware of the earlier determination or the facts upon which it was based. Nor were appellants' rights violated by the failure to afford them a hearing on the proceeding resulting in the determination under review, as that determination was made on the basis of official records and the facts disclosed in the proceedings before the Housing Expediter. Present — Nolan, P. J., Wenzel, Ughetta, Hallinan and Kleinfeld, JJ.