M. Henry Martuscello, J.
In this article 78 proceeding, petitioner^ Befim Realty Corp., seeks an order annulling the determination of the respondent herein, which fixed, pursuant to subdivision (a) of section 36 of the State Rent and Eviction Regulations, the maximum rent of an apartment occupied by Albert Fishman in premises 20 East 18th Street, Brooklyn, N. Y. Subdivision (a) of section 36 of the regulations provides as follows:
“ Section 36. Orders where the maximum or other facts are in dispute, in doubt, or not known, but where maximum rent must be fixed.
“ (a) Where the maximum rent or any fact necessary to the determination of the maximum rent, or the dwelling space, essential services, furniture, furnishings or equipment required to be provided with the accommodations, is in dispute between the landlord and the tenant, or is in doubt, or is not known, the Administrator at any time upon written request of either party, or on his own initiative, may issue an order determining the facts including the amount of maximum rent, the dwelling space, essential services, furniture, furnishings and equipment required to be provided with the accommodations. Such order shall determine such facts or establish maximum rent as of May 1, 1950 or the date of first renting, whichever is later ”.
The record herein reveals the following facts: On March 1, 1943 the “ freeze rent ” for the subject apartment on an unfurnished basis was $55 per month. In September, 1947 petitioner and the tenant then in occupancy, namely, Norman Elliot, entered into a lease increasing the rent from $55 to $63 per month and same was approved by the office of the Housing Expediter. Thereafter the landlord furnished said apartment and on the basis thereof the Housing Expediter issued an order, effective as of June 3, 1949, increasing the rent therefor from $63 to $100 a month.
Fishman moved in 1951 into said apartment, which at that time was subject to State rent control; and on January 11, 1952 the Local Rent Administrator issued, upon Fishman’s application therefor, an order reducing the rent from $100 to $90 a month, based on petitioner’s failure to paint the apartment. *565 Subsequently, Fishman filed another application with said Local Administrator for a further reduction in rent, claiming that certain furnishings were not in the apartment, such as drapes, curtains, etc.; and upon proof that petitioner attempted to deliver those items to him but that he would not accept same, said Administrator issued an order denying that application with a statement that the maximum rent remained at $90 a month. Relative to the latter application, it is not disputed that respondent’s records show that a physical inspection was made of Fishman’s apartment on September 12, 1951 and it was found that same was completely furnished except for the drapes in the living room and curtains in the kitchen and that the furniture therein was in good condition.
Petitioner is a close corporation. Its stockholders are Bernard Chess and members of his family, who also control a number of other realty corporations; and the apartment buildings in which they are thus interested provide housing accommodations for approximately 2,500 tenants. Bernard Lamstein, a son-in-law of Chess, was the vice-president and managing agent of petitioner, and was also managing agent for the aforesaid other corporations controlled by Chess. In 1953 numerous complaints were made to the District Attorney’s Office of Kings County relative to alleged rent gouging by Lamstein and one Charles Rosselli, a superintendent in the employ of petitioner; and as a result thereof they were indicted on 14 counts accusing them of filing false statements with the Rent Commission of alleged improvements made in the apartments in buildings owned by petitioner and other corporations controlled by Chess and thereby fraudulently obtaining on their behalf increases in maximum rents.
According to a newspaper report published on August 11, 1953, which was relied upon by respondent and made part of the record herein, Lamstein, on June 1, 1953, pleaded guilty to 12 of the counts in the indictment and Rosselli to 7 counts; and on August 10, 1953 Kings County Judge Louis Goldstein sentenced Lamstein on three of the counts to which he had pleaded guilty, imposing upon him a suspended three-year sentence and a fine of $15,000. Sentence on the remaining nine counts was postponed to October 6, 1953. Rosselli received a suspended sentence of one year and was fined $5,000. Said newspaper article also reported the following: “ The Rent Commission, at Judge Goldstein’s request, reprocessed cases of all tenants who had filed complaints and submitted a list of overcharges. After a conference with attorneys for the defendants a sum sufficient to cover the overcharges was turned over to the Court.” It *566 appears that Lamstein and the corporations he represented, refunded, through the Probation Department of the Kings County Court, more than $34,000 representing rent overcharges to 104 tenants, among whom was included Fishman; and that as a consequence thereof the rents of 83 of those tenants, excluding Fishman, were also reduced or fixed by the Brooklyn Rent Office pursuant to appropriate sections of the Rent Regulations after a complete hearing. The refund to Fishman amounted to $670 and covered the period from February 1,1951 to August 1953. Petitioner also consented to a reduction of his rent to $70 a month; and it is not disputed that-said reduction was directed by Judge Goldstei$t and that same was never fixed or formalized by the Rent Commission, as was the case with the afore-mentioned 83 tenants.
Petitioner accepted $70 rent from September, 1953 until February, 1958, when it demanded payment of the original rent of $90. Upon advice of his attorney, Fishman paid the $90 demanded, but thereafter applied to the Local Rent Administrator for an order fixing the rent at $70 a month based on the facts and circumstances leading up to the reduction of his rent to $70 and on what transpired thereafter. Petitioner answered this application and requested a conference thereon, asserting that the maximum rent, as fixed by the Housing Expediter in 1949 and later reduced by the Rent Commission in 1952, was $90 per month, that petitioner was not a defendant in the aforementioned criminal action and that Fishman was not a complainant therein, nor was his tenancy or lease the subject of inquiry in said action; and that the reduction of rent made at the direction of the County Court Judge was not based upon any complaint over which the Administrator had any jurisdiction, but was directed as a reward to Fishman for the services he had rendered as spokesman for the other tenants.
The Local Rent Administrator held no hearing on this application and on May 6, 1958 issued an order which fixed the rent at $70 per month, setting forth as the basis thereof the following: “ Rent fixed by Judge Louis Goldstein of County Court, Kings County, in 1953 as part of agreement concluding proceedings before the court, retroactive to date of occupancy of tenant, and resulting in refund to tenant to date of occupancy, and acceptance of agreed rent by landlord for four and one half years thereafter creates a dispute or issue concerning the ■maximum legal rent. Rent herein -reflects decision of the court, with the agreement and consent of the landlord.”
Petitioner protested against said order, setting forth the same reasons it had previously given to the Local Rent Admin *567 istrator in its answer to the application in question and adding thereto that the maximum rent fixed by the Housing Expediter in 1949 was justified by the 1951 inspection made by the Bent Commission which disclosed that the apartment was fully furnished.
Beviewing the matter de novo, respondent denied the protest and affirmed the order of the Local Administrator, stating that the maximum rent was clearly in doubt or dispute, in view of the fact that Lamstein, the managing agent of petitioner,- “ pleaded guilty to wholesale fraudulent misrepresentations and other evasions of the rent law which resulted after careful investigation in restitution being made by the landlord of almost $30,000, in addition to paying a fine of $15,000 plus an additional fine of $5,000 against another employee ’ ’; and that ‘ ‘ the tenant of the subject apartment was one of the tenants whose claims of having been overcharged were investigated in 1953 and who received full restitution of the overcharge the court found ’ ’; and that “ the tenant was also one of those tenants whom the court found was paying an illegal and excessive rent and the court therefore directed that the landlord should not collect more than $70 per month from this tenant”; and that ‘1 landlord agreed both to make the refund and to demand and receive no more than $70 per month as the rent for this apartment ”; and that ‘ ‘ the Local Administrator was justified in accepting the figure of $70 per month admitted by the landlord to be the proper rent for this apartment as the maximum legal rent ”; since “ the action of the landlord in making refund of $670 which represented an overcharge for the period from February 1, 1951 to August, 1953, agreeing to the payment of $70 per month as the proper rent for the apartment and abiding by this agreement for some 4% years, is a clear admission that there was some element of fraud and evasion of the rent laws in the previous increases of the maximum rent of this apartment ’ ’; and that ‘1 it would be most difficult some 5 years after the investigation conducted by the court and by the State Bent Commission to again establish the specific fraudulent factors which resulted in the finding back in 1953 by the court that there had been overcharges and that this tenant was paying an illegal and excessive rent” (italics supplied).
Petitioner contends that respondent is bound by the maximum rent fixed by the Housing Expediter and may not go beyond it, and cities in support thereof Matter of Proche v. McGoldrick (283 App. Div. 728). The position thus taken would be upheld but for the circumstances leading up to, and thereafter following, the reduction of rent in question, which, it seems to me, *568 established that there was a dispute or doubt as to what the maximum rent was and accordingly authorized respondent to act thereon as provided by subdivision (a) of section 36 of the Bent Regulations. I am of the opinion, however, that there is no rational basis for the determination fixing the maximum rent at $70. In making this determination, respondent assumed, on the basis of a hearsay newspaper report and on statements made by Fishman in his application, that the latter was a complainant against Lamstein and that Judge Goldstein investigated his case and found that a fraud had been perpetrated in connection with the increase obtained for his apartment and that he had therefore been overcharged, notwithstanding that petitioner contended that Fishman was never a complainant nor was his apartment or tenancy the subject of inquiry in the criminal action and that Judge Goldstein directed a reduction of his rent to reward him for services he had rendered as a spokesman for the other tenants, and notwithstanding that of all the tenants who obtained reductions of rent Fishman, admittedly, was the only one who never had his reduction processed by the Rent Commission. The issues raised by petitioner should not have been summarily resolved on the papers submitted to the Rent Commission, but a hearing thereon should have been held. It occurs to me that the indictments against Lamstein, as well as the reports of the Probation Department of the Kings County Court, which I have been informed might be available for inspection, should shed some light on those issues.
Moreover, the Rent Commission, in my opinion, acted arbitrarily in viewing petitioner’s agreement to reduce rent as a clear admission that it was guilty of fraud with respect to Fishman’s apartment, especially in view of the reasons assigned by petitioner for said reduction. If there was fraud as to Fish-man’s apartment, then petitioner’s conduct would permit the inference drawn by respondent. On the other hand,. if such fraud did not exist and Judge Goldstein nevertheless directed a reduction of rent, then petitioner’s act might permit the inference that it had no alternative but to yield to the court’s direction because Lamstein, the son-in-law of Chess, faced a jail sentence and a heavy fine.
Accordingly, the orders of the State and Local Rent Administrators are vacated and set aside and the matter is remitted for reconsideration with directions that a hearing be held on the matters in controversy. If it is established that petitioner was guilty of fraud in obtaining an increase for the Fishman apartment, then respondent may properly fix $70 as the maximum rent of the apartment in view of petitioner’s previous *569 consent thereto. However, if it should be found that petitioner was not guilty of such fraud but that Judge Goldstein directed it to reduce the rent in question to reward Fishman, then petitioner’s acceptance of the reduced rent for a period of 4% years is of no consequence whatsoever, inasmuch as Judge Goldstein’s direction was ineffectual to fix the legal maximum rent, which can be accomplished only in accordance with the provisions of the rent laws (cf. Matter of Proche v. McGoldrick, supra).
Settle order on notice.