Walter R. Hart, J.
The landlord institutes this article 78 proceeding to review respondent’s determination which denied his application for rent increases in 23 apartments of the subject building.
Petitioner contends that the installations, etc., constituted a major capital improvement within the meaning of subdivision 1 of section 33 of the State Residential Rent Regulations (L. 1946, ch. 274, as amd.) and, therefore, respondent’s denial of the relief sought was arbitrary, capricious and unreasonable. The tenants’ replies, as gleaned from the record, show no increase in services in their respective apartments and whatever alleged improvements were made in the subject premises were merely repairs, maintenance and replacements of then existing services. That the installations and incidental work was done, is admitted in respondent’s answer.
Upon the Local Rent Administrator’s denial of movant’s application, the latter’s protest, after de novo review and *435 consideration, was denied by respondent who thereupon affirmed the order of the Local Rent Administrator. Although it is evident that needed maintenance of the subject property and alleged improvements were properly determined to be needed replacements of antiquated or worn equipment (Karley v. Weaver, N. Y. L. J., April 29, 1959, p. 14, col. 4), the installation of the brass plumbing from cellar to roof, the new four-way shower, and bath faucets and shower heads are factors concerning which the record is devoid of any showing as to what consideration, if any, was given them. Further, it appears from the order of the Local Rent Administrator issued and effective July 1,1959, and affirmed by respondent, that petitioner’s application was terminated and denied because, inter alia, the expenditures for the work done was “ over a period from 1952 to date and cannot be considered as ‘ Major Capital Improvements.’ ” It is pertinent here to quote the section of the regulations (L. 1950, ch. 250, as amd. by L. 1951, ch. 443 and L. 1953, chs. 320, 321) pursuant to which the landlord commenced this proceeding.
“ Section 33. Grounds for increase of maximum rent. This section sets forth specific standards for the increase of a maximum rent. In applying these standards and entering an order adjusting a maximum rent, the Administrator shall take into consideration all factors bearing on the equities involved # *
‘ ‘ 1. Increased service or facilities, substantial rehabilitation, major capital or other improvements.
‘ ‘ The Administrator may grant an appropriate adjustment of a maximum rent where he finds that:
“a. there has been since March 1, 1950 a major capital improvement required for the operation, preservation or maintenance of the structure; ”.
The regulation per se indicates no immediate time or period within which a landlord must make repairs in order to benefit by the statute and regulations promulgated to aid both tenants and landlords. As here, work may be done over a longer or shorter period depending upon divers factors, one of which could be an owner’s financial inability to expend a large sum of money at a given time. From the record it appears (a) there is no contradiction that the improvements and installation work were done, and (b) that such work was “required for the operation, preservation or maintenance of the structure. ’ ’ The Administrator is charged with the duty of taking “into consideration all factors bearing on the equities involved ” (§ 33).
*436 The return fails to include any work sheet or other paper to indicate that due consideration was given by the Local Bent Administrator to petitioner’s application or what the basis was which warranted the determination made. The customary examiner’s sheet and progress report do not appear in the record. This leads to the conclusion that respondent summarily arrived at his determination solely on the submitted papers. “ The issues raised by petitioner should not have been summarily resolved on the papers submitted to the Bent Commission ” (Matter of Befim Realty Corp. v. Weaver, 20 Misc 2d 563, 568). Although respondent’s order, albeit without prejudice, suggests to petitioner relief if warranted in futuro under subdivision 5 of section 33 of the regulations, upon the record presented, and in the interest of substantial justice, this matter is remitted to the State Bent Administrator for further proceeding and consideration, since I find the determination complained of to be arbitrary and unreasonable. Accordingly, this matter is remanded to respondent for further processing and consideration in accordance with this opinion. Settle order.