Harold J. McLaughlin, J.
In this article 78 CPLR proceeding petitioner moves for an order setting aside the determination of the respondent or, in the alternative, that the matter be remitted to the respondent to pass upon the propriety of the order of recontrol re-establishing the rent for the apartment at $61.80 per month.
*390 The facts briefly reveal that prior to 1958 the maximum rent fixed for the subject five-room apartment wás $61.80 per month. The apartment in 1958 was then decontrolled on the basis of owner occupancy. Thereafter in 1960 the report on statutory decontrol was revoked on the basis of more than single occupancy and a new maximum rent of $15 per week was established for the two front rooms which were rented furnished. It further appears that the rental of the two front rooms as furnished was discontinued and the entire apartment again rented unfurnished but at a rental in excess of the $61.80.
It is the petitioner’s contention that the order of recontrol merely fixed the rent for the two front rooms and the respondent could not subsequently re-establish the rental at $61.80 for the five-room apartment after having fixed the new rental for the two rooms, but should have fixed a rental for the remaining three rooms based upon comparability. With this contention the court is not in accord.
Section 2 (subd. f, par. [11]) of the Bent, Eviction and Behabilitation Begulations provides for an exemption from rent control of an apartment occupied by an owner for a minimum period of one year and rented after April 1,1953. However, the exemption is limited to the unit as long as it is utilized for a single-family occupancy. Any occupancy by other than a single family, terminates the exempt status.
It is undisputed that after the decontrol the petitioner created more than a single-family occupancy by renting the two rooms, furnished as a new unit. This rental on the landlord’s part justified the action taken by the respondent in terminating the decontrol and establishing a new rental for the two-room apartment based upon comparability. No apparent objection was. filed by the petitioner. The fixation of the rental for the two rooms by the respondent at a higher rental was predicated upon, a change in the nature of the rental. A furnished two-room .apartment was rented, whereas its prior status was unfurnished. Under such circumstances the higher rental fixed was proper (Weiderman v. Recklinghausen, 278 App. Div. 289, affd. 303 N. Y. 633; Lyon v. Thompson, 199 Misc. 527).
However, when the petitioner subsequently rerented the entire unit unfurnished, the registered maximum rental as modified was properly reinstated. The record conclusively establishes ".that the registration statement for the five rooms unfurnished and as subsequently increased was $61.80 which the respondent was bound by and could not vary or change (Matter of Proche v. McGoldrick, 283 App. Div. 728, affd. 307 N. Y. 760). Having *391 restored the apartment to its original status, the original registered maximum rental adhered to the restoration.
There being a basis in law and fact and warrant in the record for the respondent’s order, the court will not disturb such determination (Matter of First Terrace Gardens v. McGoldrick, 1 N Y 2d 1; Matter of Mounting & Finishing Co. v. McGoldrick, 294 N. Y. 104). Petition is accordingly dismissed.